

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0213-15

**THOMAS LEON BYRD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TENTH COURT OF APPEALS
### MCLENNAN COUNTY

RICHARDSON, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, JOHNSON, KEASLER, ALCALA, YEARY, and NEWELL, JJ. joined. HERVEY, J., concurred in the result.

### O P I N I O N

In this case, we examine our decision in *Ex Parte Wrigley*[1] to determine whether it applies under these facts. In *Wrigley*, this Court was asked to resolve the "novel issue of whether an original sentence is completed and a stacked sentence begins to run at the time

---

[1] 178 S.W.3d 828 (Tex. Crim. App. 2005).

the defendant makes parole on the original offense, if his parole is revoked before the trial court sentences the defendant for the stacked offense."[2] In *Wrigley*, the defendant was in prison serving a twenty-year sentence when he committed a second offense. He was paroled on the first sentence while awaiting trial on the second offense. His parole on the first offense was then revoked before the trial court sentenced the defendant for the second offense. We held that the trial court could stack the second sentence on top of the first sentence because the "original sentence [was] still in operation."[3] Under that scenario, the defendant's second sentence would not begin to run until the conclusion of the revoked first sentence.

The facts here are similar to those in *Wrigley* except for one important twist—in this case appellant was sentenced on the second offense before his parole on the first offense was revoked.[4] So, the question we must answer today is, if a defendant commits a second offense while on parole for a first offense, is the trial court able to stack the second sentence on top of the first sentence if the defendant's parole on the first offense has not been revoked before

---

[2] *Id.* at 829. We note that, under Texas Code of Criminal Procedure, Article 42.08(a), a trial court has the discretion to order sentences for a defendant who has been convicted in two or more cases to: (1) run concurrently, or (2) cumulate, or "stack," the second and subsequent sentences. TEX. CODE CRIM. PROC. art. 42.08(a). However, a trial court does not have that same discretion if a defendant commits an offense while in prison. *See* TEX. CODE CRIM. PROC. art. 42.08(b).

[3] 178 S.W.3d at 831.

[4] We also note that the judge in *Wrigley* did not have discretion to not stack the sentences because Wrigley's second offense was committed in prison. However, for the purposes of its application to this case, that distinction is not relevant. The issue is *when* does the second sentence begin to run.

he is sentenced on the second offense?

Following appellate court precedent, the Tenth Court of Appeals held that a trial court may stack a new sentence on a prior sentence for which the defendant is on parole, "irrespective of parole revocation."[5]  To support its decision, the Tenth Court of Appeals relies on *Jimenez v. State*[6] (and cases citing to *Jimenez v. State*).  *Jimenez* was a 1982 case from the Fourth Court of Appeals, which was decided before the enactment of applicable statutory law and, as explained herein, runs contrary to more recently decided precedent from this Court.

To be consistent with our opinion in *Wrigley*, we hold that the timing of a defendant's parole revocation regarding the original offense affects whether a trial court has the ability to stack a second sentence on top of that original offense pursuant to Article 42.08(a).[7]  In this case, because there was no evidence that appellant's parole had been revoked at the time he was sentenced on his second offense, the trial court's cumulation order was invalid.  We

---

[5] *Byrd v. State*, No. 10-13-00381-CR, 2015 WL 294674, *2 (Tex.App.—Waco 2015) (citing *McGown v. State*, No. 10-12-00092-CR, 2013 WL 5494676, at *9 (Tex. App.–Waco Sept. 26, 2013, pet. ref'd) (not designated for publication); *Hill v. State,* 213 S.W.3d 533, 538 (Tex. App.–Texarkana 2007, no pet.); *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App. – Amarillo 1993, pet. ref'd); *Jimenez v. State*, 634 S.W.2d 879, 881-82 (Tex. App. –San Antonio 1982, pet. ref'd); and *Sanchez v. State*, No. 02-11-00018-CR, 2012 WL 171295, at *2-3 (Tex. App. – Fort Worth Jan. 19, 2012, no pet.) (not designated for publication)).

[6] 634 S.W.2d 879 (Tex. App.—San Antonio 1982, pet. ref'd).

[7] We are mindful that the parole revocation time line and hearing are within the Parole Board's discretion and jurisdiction and that the trial court has jurisdiction over only the new offense. Nevertheless, as explained herein, the timing of the revocation impacts the trial court's ability to stack the second sentence on top of the first sentence.

modify the judgment of the court of appeals accordingly and reform the trial court judgments to delete the cumulation order. As modified, the judgment of the court of appeals is affirmed.

## **BACKGROUND**

In May of 2012, when appellant, Thomas Leon Byrd, was on parole for a fifteen-year-sentence on a 2008 drug conviction, he committed the offenses of possession of cocaine, possession of methamphetamine, and evading arrest or detention.[8] According to the record before us, on October 1, 2013, appellant was convicted of these three offenses and sentenced to eighty years, twenty years, and twenty years, respectively. All three judgments in this case (one for each count), reflect that the "Date Sentence [is] to Commence" is on the date of the judgment—"10/1/2013." However, these three judgments also order that the sentences are to "run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: 2007-1823-C1." Cause 2007-1823-C1 is the 2008 conviction for which appellant was on parole at the time he committed these three offenses.

There is no evidence in the record that appellant's parole had been revoked. In fact, after the trial court pronounced appellant's sentences on the three offenses and remanded appellant to the custody of the Sheriff of McLennan County, the State requested that the sentences "run consecutive to his parole."

---

[8] It is undisputed by the parties that appellant was on parole for the 2008 fifteen-year sentence at the time that he committed these offenses in May of 2012.

One of the issues appellant raised on direct appeal was that, because there was no evidence that his parole had been revoked yet, the trial court's cumulation order impermissibly ordered appellant's sentences to run consecutive to some future sentence. The Tenth Court of Appeals rejected this argument, held that parole revocation was not necessary, and affirmed appellant's conviction and consecutive sentences.[9]

We granted appellant's petition for discretionary review to decide whether a trial court may order a sentence to run consecutive to a future parole revocation. We hold that it may not.

## ANALYSIS

**A.      Article 42.08 - A Trial Court's Authority To Stack Sentences**

Article 42.08 of the Code of Criminal Procedure governs the manner in which trial courts are to order consecutive sentences.

(a)      When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. Except as provided by Sections (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases . . . .

(b)      If a defendant is sentenced for an offense committed while the

---

[9] *Byrd*, 2015 WL 294674 at *2.

defendant was an inmate in the Texas Department of Criminal Justice and serving a sentence for an offense other than a state jail felony and the defendant has not completed the sentence he was serving at the time of the offense, the judge shall order the sentence for the subsequent offense to commence immediately on completion of the sentence for the original offense.

(c)     If a defendant has been convicted in two or more cases and the court suspends the imposition of the sentence in one of the cases, the court may not order a sentence of confinement to commence on the completion of a suspended sentence for an offense.[10]

We review a trial court's decision under Article 42.08(a) for an abuse of discretion. "Normally, the trial judge has absolute discretion to cumulate sentences," so long as the law authorizes the imposition of cumulative sentences.[11]  A trial court abuses its discretion if it imposes consecutive sentences where the law requires concurrent sentences.

**B.     Section 508.150(b) – The Meaning of "Cease To Operate"**

Article 42.08, subsection (a), gives a trial court judge discretion to order a defendant's sentence to begin after a preceding conviction's sentence has "ceased to operate."  To determine the meaning of the phrase, "cease to operate," we first look for guidance in Section 508.150(b) of the Texas Government Code:

(b)     For the purposes of Article 42.08, Code of Criminal Procedure, the judgment and sentence of an inmate sentenced for a felony, other than the last sentence in a series of consecutive sentences, cease to operate:

---

[10] TEX. CODE CRIM. PROC. art. 42.08.

[11] *Smith v. State*, 575 S.W.2d 41, 41 (Tex. Crim. App. 1979) (citing TEX. CODE CRIM. PROC. art. 42.08 (1965)).

(1)    when the actual calendar time served by the inmate equals the sentence imposed by the court; or

(2)    on the date a parole panel designates as the date the inmate would have been eligible for release on parole if the inmate had been sentenced to serve a single sentence.[12]

Citing to *Ex parte Kuester*,[13] appellant argues that his 2008 sentence had already "ceased to operate" when he was released on parole. In *Kuester*, the applicant was initially sentenced to a ten-year prison term for burglary of a building. While in the custody of TDCJ, he struck a correctional officer and was convicted of aggravated assault. The trial court sentenced Kuester to a four-year prison term on the aggravated assault charge and ordered that it would not begin to run until Kuester's ten-year sentence had "ceased to operate." This Court decided that "the phrase 'completion of the sentence' [in Art. 42.08(b) has] the same meaning as 'cease to operate' [in Art. 42.08(a)] . . . . So a sentence is 'completed,' for purposes of Art. 42.08(b), when it is served out in full day-for-day, or when a parole panel approves the inmate for parole release."[14] We explained that

[Article 42.08's] placement [in the Code of Criminal Procedure] and its language are both some support for the view that the first sentence should not have to be served in full, day-for-day, in order for the second sentence to begin. Rather, the parole laws should apply to stacked sentences as they do to

---

[12] TEX. GOV'T. CODE § 508.150 (replacing Art. 42.18 § 8(d)(2)).

[13] 21 S.W.3d 264 (Tex. Crim. App. 2000) (en banc) (disapproved on other grounds *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003)).

[14] *Id.* at 271.

all other sentences, and the second sentence should begin when the inmate makes parole on the first sentence."[15]

Our analysis in *Kuester* of how Article 42.08 and Section 508.150 are to be read together leads to the conclusion that a sentence "ceases to operate" when a defendant "makes parole." Appellant would have us stop there.

However, our decision in *Ex parte Wrigley*[16] clarifies that a defendant who had been on parole can still be considered to have not "made parole" if his parole is revoked. While in prison on a twenty-year sentence for possession of a controlled substance, Wrigley assaulted another prisoner. Wrigley was paroled on the original twenty-year sentence while the new case was pending and then pled guilty to the aggravated assault offense. His parole on the original twenty-year sentence was revoked, *then* he was sentenced to seven years for the aggravated assault. The trial court ordered that the seven-year sentence was to run consecutively with the original twenty-year sentence. Wrigley contended that the seven-year sentence, which was to be stacked onto the twenty-year sentence, began to run on the date he was paroled on the original offense, even if his parole was revoked before the court sentenced him for the seven-year sentence. We disagreed with Wrigley's argument, holding that, "[a] defendant has not completed the original sentence under Article 42.08(b), if at the time of sentencing for the stacked offense, the defendant has not served the original sentence

---

[15] *Id.* at 270.

[16] 178 S.W.3d 828 (Tex. Crim. App. 2005).

in full, day-for-day, until discharge, or he has not made parole on the original offense."[17] We

further explained that,

> a defendant has not 'made parole' on the original offense, if his parole is
> revoked prior to being sentenced for the stacked offense, because his original
> sentence is still in operation, as he is serving his remaining sentence.
>
> We therefore hold that, under Article 42.08(b), a stacked sentence does not
> begin to run on the date the defendant makes parole on the original offense if
> his parole is revoked before the trial court sentences the defendant for the
> stacked offense.  Consequently, [Wrigley's] seven-year, stacked sentence for
> the aggravated assault did not begin to run on November 12, 1993, the date he
> made parole on the original possession offense, because his parole was
> revoked before the trial court sentenced him for the stacked offense."[18]

Our reasoning in *Wrigley* hinged entirely on the fact that, even though Wrigley was

released on parole on the first offense, his parole was revoked *before* he was sentenced on

the second offense.  Therefore, at the time Wrigley was sentenced for the second offense, he

had not "made parole."  Wrigley's first sentence was "still in operation"—it had not ceased

to operate.

The Tenth Court of Appeals considered neither *Kuester*'s nor *Wrigley's* application

to the facts in this case.  However, our reasoning in those cases must be applied here.

Without any evidence in the record that appellant's parole on the 2008 offense was revoked

prior to being sentenced for this offense, we conclude that appellant had "made parole" on

---

[17] *Id.* at 831.  We know from *Ex parte Kuester* that "completing the original sentence under Article 42.08(b)" means the same as "ceases to operate" under Article 42.08(a).

[18] *Id.*

that original offense at the time of sentencing in this case. Therefore, for the purpose of Article 42.08(a)'s and Section 508.150(b)(2)'s application to these facts, appellant's 2008 sentence had already "ceased to operate" when he was sentenced in this case.[19] This means that there was no earlier sentence still in operation upon which to stack these sentences. The cumulation orders are invalid.

## C. *Jimenez v. State*—A House of Cards

The intermediate appellate court cases that have addressed this issue do not persuade us to hold otherwise. Every one of them is based on the 1982 Fourth Court of Appeals decision in *Jimenez v. State*,[20] (or they are based on cases that are based on *Jimenez*), and not

---

[19] We qualify our holding, inasmuch as it applies only to whether the 2008 sentence ceased to operate under Article 42.08(a) *vis a vis* the sentences in this case. If appellant's parole on the 2008 offense has been subsequently revoked, that fifteen-year sentence would still be in operation with regard to any future offenses.

[20] *Jimenez v. State*, 634 S.W.2d 879 (Tex. App.—San Antonio 1982, pet. ref'd). *See Carpenter v. State*, 828 S.W.2d 441, 442 (Tex. App.— Austin 1992, no pet.) (citing *Jimenez*); *Wilson v. State*, 854 S.W.2d 270, 273 (Tex. App.—Amarillo 1993, pet. ref'd) ("Appellant candidly admits the court's action was in keeping with *Jimenez* had he been on parole. . . . [We choose] to follow the *Jimenez* holding."); *Richards v. State*, No. 01-01-00933-CR, 2002 WL 31122180, at *4 (Tex. App.—Houston [1st Dist.] 2002) (citing *Wilson, Carpenter,* and *Jimenez*); *Miller v. State*, No. 13-03-703-CR, 2004 WL 5050898, at *2 (Tex. App.—Corpus Christi 2004, no pet.) (following *Jimenez*, holding that, "regardless of the outcome of the subsequent parole proceedings, the sentence in this case will become effective when the sentence in the previous case ceases to operate."); *Hill v. State*, 213 S.W.3d 533, 538 (Tex. App.—Texarkana 2007, no pet.) ("A trial court has the authority to stack a new sentence onto a prior sentence for which the defendant is then on parole." and citing *Wilson*, *Carpenter*, and *Jimenez*); *McGown v. State*, No. 10-12-00092-CR, 2013 WL 5494676, at *9 (Tex. App.—Waco Sept. 26, 2013, pet. ref'd) (mem. op., not designated for publication) (citing *Hill*, *Wilson*, and *Jimenez* and affirming the trial court's stacking of sentences because it was within its discretion for a defendant convicted in two or more cases); *Mason v. State*, No. 10-13-00368-CR, 2014 WL 5093999, at *8 (Tex. App.—Waco 2014, pet. ref'd) ("A trial court has the authority under this article to stack a new sentence onto a prior sentence for which the defendant is then on parole.") (first citing *Hill*, 213

on more recently enacted statutory authority or precedent set by this Court.

In *Jimenez*, the appellant argued that, because of his parole status at the time of his trial for attempted capital murder, the trial court lacked authority to cumulate his sentences. The San Antonio Court of Appeals disagreed, holding that, even though the defendant was on parole with regard to a prior murder offense when he was convicted of attempted capital murder, the trial court had the authority to order that the sentence for the attempted capital murder be served consecutively to the sentence for the prior offense—"regardless of the outcome of subsequent parole proceedings, the sentence in this case will become effective when the sentence in cause number 65573 ceases to operate."[21]  The *Jimenez* court reasoned that, "[w]hen appellant was placed on parole status for that conviction, he was not discharged from the judgment and sentence. . . . Release from prison for rehabilitation purposes does not mean release from the operation of the judgment and sentence in that cause."[22]

Significantly, when *Jimenez* was decided in 1982, there was no statutory interpretation of the term "cease to operate."  Section 508.150 was enacted in September of 1997.  Its predecessor can be found in Article 42.18 of the Code of Criminal Procedure, but the statutory language setting out the meaning of "cease to operate" did not appear in Article

---

S.W.3d at 538; then citing *Wilson*, 854 S.W.2d at 273; and then citing *Jimenez*, 634 S.W.2d at 881-82).

[21] *Jimenez*, 634 S.W.2d at 882.

[22] *Id.* at 881.

42.18 until 1987.[23]

Since *Jimenez*, and since the enactment of Section 508.150, this Court has addressed the meaning of the term "cease to operate." As illustrated by our decisions in *Kuester* and *Wrigley*, a defendant does not need to discharge his judgment and sentence in order for it to have ceased to operate for purposes of Article 42.08.

**D.      The Absurd**

Stacking a prison sentence on top of a paroled sentence that has not yet been revoked has the potential of creating a situation similar to the prohibited practice of stacking a sentence of confinement on top of a sentence that has been probated.[24] We question what would have happened if the Board of Pardons and Paroles had decided not to revoke appellant's parole. Although an extremely unlikely scenario, given appellant's criminal history, it is nevertheless a theoretical possibility. Appellant's judgments in this case order that he be "remanded to the custody of the Sheriff of this county." However, this immediate order of confinement would be inconsistent with the cumulation order if these sentences were not to begin running until after appellant's time on parole is either completed or revoked. Without there being a parole revocation before sentencing, would appellant have to be

---

[23] Act of 1987, 70th Leg., ch. 42 (H.B. 51), § 1, *repealed by* Act of 1997, 75th Leg., ch. 165 (S.B. 898) § 12.22.

[24] TEX. CODE CRIM. PROC. art. 42.08(c) provides that a "court may not order a sentence of confinement to commence on the completion of a suspended sentence."

released until some unknown future date when either his parole is revoked or the fifteen-year

sentence is up?  This scenario was obviously not the intent behind the judgments' cumulation

order.  We set out a similarly absurd example in *Kuester*:

> One possibility is that an inmate makes parole on his first sentence.  He has not
> discharged his first sentence, so his second sentence cannot yet begin.  His
> second sentence will not begin until his first sentence has discharged, that is,
> until his parole is complete.  The inmate may spend twenty or thirty years on
> parole, living and working in the community, a rehabilitated and contributing
> member of society.  When at last his parole is complete and his sentence
> discharges, he must then be returned to prison to begin serving his second
> sentence.  Or, in the case of a particularly long initial sentence, he will remain
> on parole his entire life, dying before he ever begins serving his second
> sentence.  We believe that construing Art. 42.08(b) in this manner leads to an
> absurd result that the Legislature could not possibly have intended.[25]

And, in a similar vein, in *Ex parte Millard*,[26] we further explained how cumulation works

when two sentences are stacked and the first sentence is thereafter paroled:

> We concluded that an inmate serving stacked sentences begins serving his
> second sentence when his first sentence ceases to operate, which means the
> date it is served out in full day-for-day or the date when a parole panel
> approves the inmate for parole release. We explained [in *Kuester*] that, when
> the first sentence ceases to operate and the second sentence begins, the inmate
> continues to serve the first sentence while he serves the second sentence.  In
> passing, we stated that when an inmate begins serving the second sentence, he
> is "paroled," so to speak, on his first sentence. *Of course, the inmate does not*
> *literally parole his first sentence since he is not released from the custody of*
> *TDCJ.*  On the contrary, the statute makes clear that an inmate may not be

---

[25] 21 S.W.3d at 267.

[26] 48 S.W.3d 190, 193 (Tex. Crim. App. 2001) (disapproved on other grounds by *Ex parte Hale*, 117 S.W.3d 866 (Tex. Crim. App. 2003) (en banc)).

released to parole on the first sentence until he is eligible for parole on the second sentence.[27]

This logic would not work if a defendant's second sentence of confinement is allowed to be stacked on top of an already-paroled sentence because, technically, the defendant would still be "out" on parole on that first sentence even after being sentenced in a subsequent case. In other words, under which sentence would he be confined after he is sentenced if he is on parole for the first sentence, and the second sentence is ordered to begin at some future date after the paroled sentence is either revoked or completed? We cannot render a decision in this case that has the potential, albeit remote, to be misapplied in such a literal and unintended manner.

## E.      The State's Burden

The State claims that it did not have the burden to prove that appellant's 2008 paroled sentence had been revoked—only that appellant was convicted for the 2008 offense, and he is the same person who was convicted for the 2008 offense. The State cites to our decision in *Barela v. State* for support.[28] The State's reliance on *Barela* is misplaced. The facts in *Barela* are distinguishable, as is the legal issue involved. This Court's decision in *Turner v. State* more accurately defines the State's burden: "Since no evidence of the prior conviction from another court was offered and it was improper for the trial judge to take judicial notice

---

[27] *Id.* at 193-94 (emphasis added).

[28] *Barela v. State*, 180 S.W.3d 145, 147 (Tex. Crim. App. 2005) (en banc).

thereof, if he did, the cumulation order found in the formal sentence in the instant case is invalid."[29] Thus, where a defendant has been sentenced on multiple cases, if the State requests that the court cumulate those sentences under Article 42.08, then the State has the burden to present evidence to support the proper cumulation of the sentences. In this case, consistent with our decision in *Wrigley*, that would include proof that appellant's parole on the 2008 sentence had been revoked prior to sentencing on this charge.[30] The burden did not shift to appellant to prove the invalidity of the cumulation order by showing that his parole had not been revoked.

## CONCLUSION

We hold that, for purposes of Article 42.08, the timing of a defendant's parole revocation for the original offense matters. If parole is revoked on a defendant's first offense before that defendant is sentenced on the second offense, then, in accordance with *Wrigley*, the second sentence may be stacked on top of the first sentence. However, if parole is not revoked on a defendant's first offense before that defendant is sentenced for the second offense, then the second sentence may not be stacked on top of that first sentence. For the purposes of Article 42.08 and in relation to the second offense, that defendant had "made

---

[29] *Turner v. State*, 733 S.W.2d 218, 223 (Tex. Crim. App. 1987) (en banc).

[30] The State's argument suggesting that appellant had the burden of proving revocation is inconsistent with its tacit admission that parole had not yet been revoked, as the prosecutor requested that the sentences "run consecutive to his parole."

parole" on the first offense, and thus his first sentence had already ceased to operate. We disapprove of all intermediate appellate court holdings to the contrary.

Because there was no evidence that appellant's parole had been revoked at the time he was sentenced on his second offense, the trial court's cumulation order was invalid. Each of the trial court's judgments is reformed to delete the cumulation order.[31] As modified, the judgment of the court of appeals is affirmed.

DELIVERED:      September 14, 2016

PUBLISH

---

[31] *Sullivan v. State*, 387 S.W.3d 649, 653 (Tex. Crim. App. 2013) (citing *Morris v. State*, 301 S.W.3d 281, 294 (Tex. Crim. App. 2009) ("When part of a cumulation order is illegal, the remedy is to delete the illegal portion."). With no sentence in operation upon which the trial court could stack these sentences, they would begin on the day of the judgments and run concurrently with each other. *Moore v. State*, 371 S.W.3d 221, 228 (Tex. Crim. App. 2012) (citing *Ex parte Reynolds*, 462 S.W.2d 605, 606 n. 1 (Tex. Crim. App. 1970) ("We have long held that '[w]here the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08 [ ], the terms of imprisonment automatically run concurrently.'")).