

NUMBER 13-16-00466-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CLINTON RAY CURTIS,                                          Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

A jury found appellant Clinton Ray Curtis guilty of state-jail felony theft. *See* TEX. PENAL CODE ANN. § 31.03(E)(4)(D) (West, Westlaw through Ch. 49, 2017 R.S.). The trial court sentenced Curtis to twenty years in prison as a habitual felony offender because he had previously been convicted of two felonies. *See id.* § 12.425(b) (West, Westlaw through Ch. 49, 2017 R.S.). The trial court further ordered that Curtis serve his twenty-

year sentence consecutively with a thirty-year sentence in trial cause number 09-10-11006, for which Curtis had been paroled at the time of trial.

By two issues, Curtis contends that: (1) he had insufficient time to prepare a response to the State's pretrial motion to amend the indictment; and (2) the trial court erred when it ran his twenty-year prison sentence consecutively with his thirty-year prison sentence in cause number 09-10-11006. We modify the trial court's judgment and affirm as modified.

## I.     BACKGROUND

Curtis was indicted for state-jail felony theft with two prior theft convictions. *See id.* § 31.03(E)(4)(D) (providing that theft under $2,500 is a state-jail felony if the defendant has been previously convicted two or more times of any grade of theft). The indictment specifically described the two prior theft convictions on which the State would rely to obtain a state-jail felony theft conviction.

One day before trial, the State moved to amend the indictment to correct certain errors in the indictment's description of the two prior theft convictions. The trial court allowed the amendment and gave Curtis the opportunity to seek a ten-day continuance of the trial. Curtis declined the ten-day continuance.

The next day, the case proceeded to trial, after which the jury found Curtis guilty of felony theft. After a punishment hearing, the trial court sentenced Curtis to twenty years in prison for felony theft and, as previously mentioned, ran the sentence consecutively with his thirty-year sentence in cause number 09-10-11006.

2

## II.    AMENDMENT OF THE INDICTMENT

By his first issue, Curtis contends that he was not afforded sufficient time to prepare a response to the State's motion to amend the indictment.

### A.    Applicable Law

The Texas Constitution requires that felonies be prosecuted by indictment.  *See* TEX. CONST. art. I, § 10.  "[A]n indictment provides a defendant notice of the offense charged so that he may prepare, in advance of trial, an informed and effective defense." *See Riney v. State*, 28 S.W.3d 561, 565 (Tex. Crim. App. 2000); *see also Garcia v. State*, 981 S.W.2d 683, 685 (Tex. Crim. App. 1998).  "Articles 28.10 and 28.11 provide the State with the opportunity to amend an indictment."  *Riney*, 28 S.W.3d at 565; *see also* TEX. CODE CRIM. PROC. ANN. art. 28.10–11 (West, Westlaw through Ch. 49, 2017 R.S.).  Article 28.10 states:

> After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences.  On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by the defendant, to respond to the amended indictment or information.

TEX. CODE CRIM. PROC. ANN. art. 28.10 (West, Westlaw through Ch. 49, 2017 R.S.).

### B.    Analysis

In view of the foregoing authority, the issue is whether the State's motion to amend the indictment was in accordance with article 28.10 of the Texas Code of Criminal Procedure.

The State moved to amend the indictment due to mistakes in the indictment concerning Curtis's prior convictions.  The motion requested the following changes to the indictment:

3

FROM: "On the 20th day of October 1997, in the 268th District Court of Lavaca County, Texas, in cause number 28, 980, the defendant was convicted of the offense of Theft of Service,"

TO: The defendant committed the offense of Theft, for which the defendant was convicted on or about October 20, 1997 in the 268th District Court of Ford Bend County, Texas, in Cause No. 28, 980.

FROM: "On the 2nd day of February, 2008, in the 377th District Court of Victoria County, Texas, in cause number 08-10-24027-D, the defendant was convicted of the offense of Theft of Property valued at less than $1500 with 2 or more previous convictions . . .;"

TO: The defendant committed the offense of Theft for which the defendant was convicted on or about December 2, 2008, in the 377th District Court of Victoria County, Texas, in Cause No. 08-10-24031-D.

Curtis was notified of the motion. Curtis's counsel objected during the indictment hearing, claiming there was not enough time to respond. On appeal, Curtis contends that the State filed its motion after the time normally allowed for motions and matters specifically listed under article 28.01 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 28.01, § 2 (West, Westlaw through Ch. 49 2017 R.S.) (requiring the defendant to have sufficient notice of the court setting a case for pre-trial hearing to allow the defendant not less than ten days to raise or file preliminary matters). However, the defense is mistaken. Article 28.01 does not dictate the procedure for amending an indictment; article 28.10 does. *See* TEX. CODE CRIM. PROC. ANN. art. 28.10; *see also State v. Loera*, No. 08-11-00338-CR, 2013 WL 5657964, at *4 (Tex. App.—El Paso Oct. 16, 2013, no pet.) (mem. op., not designated for publication) (rejecting the defendant's argument that article 28.10 requires that a defendant be given ten days' notice to respond to the State's motion to amend a charging instrument). Although the State moved to amend the indictment one day before trial, article 28.10 allowed the State to amend the indictment "any time before the date the trial on the merits commence[d]."

*See* TEX. CODE CRIM. PROC. ANN. art. 28.10; *see also Loera*, 2013 WL 5657964, at *4. Furthermore, the trial court gave Curtis the opportunity to seek a ten-day continuance of the trial, which Curtis specifically declined. We therefore overrule Curtis's first issue.

### III.    SENTENCING

By his second issue, Curtis contends that the trial court erred in running his twenty-year sentence in this case consecutively with his thirty-year sentence in cause number 09-10-11006—an offense for which he was on parole at the time of trial. We agree.

In *Byrd v. State*, the defendant committed an offense while on parole for a previous offense, and the trial court sentenced him to prison time. 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). As in this case, the trial court ordered that the defendant's prison sentence on the subsequent offense run consecutively with his sentence on the previous offense for which he had been paroled. *Id.* However, there was no record evidence that the Texas Board of Pardons and Paroles had revoked appellant's parole on the previous offense prior to the trial court ordering consecutive sentences. *Id.* The Texas Court of Criminal Appeals held that the law prohibited consecutive sentences in this scenario because appellant's parole had not been revoked before the trial court ordered consecutive sentences. *Id.* at 451. The Court concluded:

> If parole is revoked on a defendant's first offense before that defendant is sentenced on the second offense, then . . . the second sentence may be stacked on top of the first sentence. However, if parole is not revoked on a defendant's first offense before that defendant is sentenced for the second offense, then the second sentence may not be stacked on top of that first sentence.

*Id.*

The factual scenario in this case is identical to the one presented in *Byrd*. Here, Curtis committed felony theft while on parole for a previous offense. The trial court

5

ordered that Curtis's prison sentence for felony theft run consecutively with his earlier sentence, and the State concedes that Curtis's parole had not been revoked before the trial court ordered consecutive sentences. The State further concedes that the portion of the trial court's judgment ordering consecutive sentences runs contrary to *Byrd* and should be modified to reflect concurrent sentences. We hold that because Curtis's parole had not been revoked before the trial court sentenced him to twenty years in prison for felony theft, his sentence for felony theft could not be stacked on top of his earlier thirty-year sentence. We sustain Curtis's second issue, which the State does not contest. Accordingly, we modify the trial court's judgment.

## IV. CONCLUSION

We modify the trial court's judgment to reflect that Curtis's twenty-year sentence for felony theft shall run concurrently with his thirty-year sentence in cause number 09-10-11006, and we affirm as modified. *See* TEX. R. APP. P. 43.2(b).

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this
27th day of July, 2017.

6