

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,394-02

## EX PARTE PAUL ANTHONY RODRIGUEZ, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 12791-A IN THE 83RD  DISTRICT COURT
## FROM VAL VERDE COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to fifteen years' imprisonment.

Applicant raises two issues related to the validity of the cumulation order in his case. Applicant has alleged facts that, if true, might entitle him to relief. *Byrd v. State*, 499 S.W.3d 443 (Tex. Crim. App. 2016); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit detailing how Applicant's sentence is being calculated in this case. The affidavit shall specify whether this sentence has begun to run and, if not, whether Applicant will be credited for any time spent between the date of judgment and September 12, 2014.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to if and when Applicant began to serve this sentence and whether he was held under authority of this sentence between the date of sentencing and the date other sentences were imposed in Tom Green County Cause Numbers B-07-0983-S 696733 and B-07-0983-S 712773 from the 119th District Court. The trial court shall make findings of fact detailing how the Texas Department of Criminal Justice is calculating this sentence. The trial court shall make findings of fact as to whether Applicant knowingly waived objection to the cumulation order as part of a negotiated plea of guilty. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: September 12, 2018
Do not publish