

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00347-CR

**LUCAS FARMER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 443rd District Court**
**Ellis County, Texas**
**Trial Court No. 43824CR**

## MEMORANDUM OPINION

A jury convicted Appellant Lucas Farmer of aggravated assault causing serious bodily injury and assessed his punishment at twenty years' imprisonment. The trial court thereafter ordered Farmer's sentence to run consecutively to a prior sentence in "Cause No. 33172 in the 13th Judicial District Court of Navarro County, Texas, wherein the defendant was on the 3rd day of, January, 2014, duly and legally sentenced to a term of

10 years for the offense of Aggravated Robbery." This appeal ensued. In his sole issue, Farmer contends that the trial court improperly ordered his sentence in this case to run consecutively to his prior sentence. The State concedes error, and we agree.

Article 42.08, subsection (a), of the Code of Criminal Procedure gives a trial court discretion to order a defendant's sentence to begin when a preceding conviction's sentence "has ceased to operate." *Byrd v. State*, 499 S.W.3d 443, 447 (Tex. Crim. App. 2016); *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). However, when a defendant has already been released on parole on the first offense, and his parole has not been revoked before sentencing on the second offense, then the defendant's first sentence is considered to have already ceased to operate. *Byrd*, 499 S.W.3d at 451. Consequently, the second sentence may not be stacked on top of the first sentence. *Id.*

The record here shows that Farmer was on parole on his preceding aggravated-robbery conviction when he committed the instant offense. The record establishes that Farmer was then on a "parole hold" at the time of sentencing in this case. *See Ex parte Turner*, No. 12-19-00357-CR, 2020 WL 500780, at *3 n.2 (Tex. App.—Tyler Jan. 31, 2020, no pet.) (mem. op., not designated for publication) ("A parole revocation warrant, also known as a 'blue warrant' or a 'parole hold,' is an arrest warrant issued by the Texas Board of Pardons and Paroles when a parolee is suspected of violating the conditions of his parole."). There is no evidence, however, that Farmer's parole on his preceding conviction had been revoked at the time of sentencing in this case. The trial court

therefore improperly ordered Farmer's sentence in this case to run consecutively to his preceding sentence.

We accordingly sustain Farmer's sole issue and modify the trial court's judgment to delete the cumulation order. We affirm the judgment as modified.


                                    REX D. DAVIS
                                    Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
Affirmed as modified
Opinion delivered and filed September 30, 2020
Do not publish
[CR25]

