**AFFIRMED; Opinion Filed December 4, 2020**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01378-CR**

**ENRIQUISINGER GARCIA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-80082-2018**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Carlyle

A jury convicted appellant Enriquisinger Garcia of two counts of indecency with a child by contact and assessed punishment at eighteen years' imprisonment for each conviction. On appeal, Mr. Garcia contends the trial court abused its discretion by ordering that his sentences run consecutively. We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

A trial judge generally has discretion to order sentences to run consecutively or concurrently. TEX. CODE CRIM. PROC. art. 42.08(a); *see Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.) (citing *Nicholas v. State*, 56 S.W.3d

760, 764 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)). "A trial court abuses its discretion when it applies an erroneous legal standard or when no reasonable view of the record supports the trial court's conclusion under the correct law and facts viewed in the light most favorable to its legal conclusion." *Nicholas*, 56 S.W.3d at 764. "As a practical matter, however, an abuse of discretion [regarding sentence cumulation] generally will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory requirements pertaining to sentencing." *Id.* at 765. "In short, so long as the law authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences." *Id.*; *accord Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016); *see also Barrow v. State*, 207 S.W.3d 377, 382 (Tex. Crim. App. 2006) ("The Legislature has charged the trial court with the determination of whether to cumulate, and the trial court is free to make this determination so long as the individual sentences are not elevated beyond their respective statutory maximums.").

Here, both sentences were within the allowed statutory punishment range of two to twenty years. Mr. Garcia appropriately acknowledges in his appellate brief that "[t]he law does not require concurrent sentences" in this case. In his single issue on appeal, he asserts the trial court nevertheless abused its discretion by ordering his sentences to run consecutively because "the court offered no reason nor referred to

any principle of law" in rejecting his trial counsel's objection that cumulating his sentences violated "the US Constitution's prohibition on cruel and unusual punishment" and constituted an inadequate "gauging" of "proportionality." According to Mr. Garcia, the trial court's decision to run the sentences consecutively was "arbitrary" in that it was "without explanation or justification" and left his arguments "unaddressed."

Mr. Garcia cites no authority requiring a trial court to provide an explanation or justification for cumulating sentences and we have found none. *See Gomez v. State*, No. 05-10-00574-CR, 2011 WL 209303, at *2 (Tex. App.—Dallas Jan. 25, 2011, no pet.) (mem. op., not designated for publication) (rejecting contention that trial court abused discretion by not articulating reasons for cumulating sentences); *see also Barrow*, 207 S.W.3d at 382 ("We do not believe that the legislatively endowed, normative decision whether to cumulate sentences exceeds that level of discretion that the Supreme Court has always recognized as consistent with due process."). We decide Mr. Garcia's issue against him and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
191378F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ENRIQUISINGER GARCIA,
Appellant

No. 05-19-01378-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 296-80082-
2018.
Opinion delivered by Justice Carlyle.
Justices Myers and Osborne
participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered this 4th day of December, 2020.