

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00118-CR

GARY LYNN MOORE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 081313-D-CR, Honorable Steven Denny, Presiding

August 19, 2024

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Gary Lynn Moore, appeals his conviction for the offense of possession of a Penalty Group One controlled substance in an amount of one gram or more but less than four grams[1] and sentence of life imprisonment and a $2,500 fine. We reform the judgment to remove the order that the sentence run consecutively and affirm the judgment as reformed.

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c).

**BACKGROUND**

As Appellant does not challenge the sufficiency of the evidence to support his conviction, we will only address those facts that provide the context for Appellant's issues. Pursuant to a plea bargain agreement, Appellant pleaded guilty to the offense of possession of a controlled substance in an amount of one gram or more but less than four grams on February 18, 2022. The terms of the plea bargain, which were accepted by the trial court, deferred adjudication of Appellant's guilt and placed him on community supervision for a period of ten years. In September of 2023, the State filed a motion to adjudicate Appellant's guilt, which alleged that Appellant had committed the criminal offenses of evading arrest or detention while using a motor vehicle,[2] tampering with or fabricating physical evidence with intent to impair,[3] and possession of a Penalty Group One controlled substance in an amount of four or more grams but less than 200 grams.[4]

At the hearing on the motion, the State waived the possession allegation. Appellant pleaded true to the evading allegation and not true to the tampering allegation. The State offered evidence to prove the evading and tampering allegations as well as the enhancement allegations of three prior felony drug convictions. At the close of the hearing on the motion to proceed, the trial court found the evading and tampering allegations true, found the enhancement allegations true, and sentenced Appellant to life imprisonment and a $2,500 fine. The trial court also stated that, "Inasmuch as I'm allowed to make

---

[2] *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A).

[3] *See* TEX. PENAL CODE ANN. § 37.09(d)(1).

[4] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (d).

this—required to be served consecutively under 42a.08[5] (sic), I do require it to be served consecutively if that is permissible under that statute." The judgment orders that "this sentence shall run: consecutively." From this judgment, Appellant timely appealed.

By his appeal, Appellant presents three issues. By his first issue, Appellant contends that the trial court abused its discretion by ordering Appellant's sentence to be served consecutively with any prior sentence. In a related issue, Appellant next contends that the trial court's cumulation order is void due to insufficient specificity identifying any previous conviction. We will address Appellant's first two issues together. By his third issue, Appellant contends that Appellant's life sentence constitutes cruel and unusual punishment.

## CUMULATION ORDER

As noted above, both of Appellant's first two issues challenge the trial court's cumulation order. The State concedes that the trial court's cumulation order is invalid and, therefore, the judgment should be reformed to remove the cumulation order.

A trial court's decision to cumulate, or "stack," sentences is reviewed under an abuse of discretion standard. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). "[A]n abuse of discretion in the context of cumulation of a defendant's sentences will be found only if the trial court imposes consecutive sentences where the law requires concurrent sentences, where the court imposes concurrent sentences but the law requires consecutive ones, or where the court otherwise fails to observe the statutory

---

[5] It appears that the trial court was referring to Texas Code of Criminal Procedure art. 42.08.

requirements pertaining to sentencing." *Revels v. State*, 334 S.W.3d 46, 54 (Tex. App.—Dallas 2008, no pet.). An order in a judgment that cumulates sentences "should be sufficiently specific to allow the Texas Department of Criminal Justice—Institutional Division (TDCJ-ID)[] to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998) (orig. proceeding). Ordinarily, a cumulation order must include five details: (1) the trial court cause number of the prior conviction, (2) the correct name of the court where the conviction was taken, (3) the date of the prior conviction, (4) the term of years of the prior conviction, and (5) the nature of the prior conviction. *Revels*, 334 S.W.3d at 54. While not all of these details must be included, the Texas Court of Criminal Appeals has held that cumulation orders which recite only one of these details (the trial court cause number) are insufficient. *Williams v. State*, 675 S.W.2d 754, 764 (Tex. Crim. App. 1984) (op. on reh'g). Courts of appeals have the authority to reform and correct cumulation orders when the necessary data is contained in the record. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

In the present case, the cumulation order does not include any of the five details that should be included. *See Revels*, 334 S.W.3d at 54. In its oral pronouncement of its order to cumulate sentences, the trial court simply stated, "Inasmuch as I'm allowed to make this—required to be served consecutively under [article 42.08], I do require it to be served consecutively if that is permissible under that statute." The trial court did not identify any prior sentence with which the present sentence should be cumulated. Likewise, the judgment simply states that "this sentence shall run: consecutively." Further, nothing in the record identifies a prior sentence with which the present sentence

4

could be cumulated. Because neither the cumulation order nor the record specify with which sentence the present sentence should be cumulated, we must conclude that the cumulation order is insufficient. *Williams*, 675 S.W.2d at 764.

Because the judgment's cumulation order does not specify with which sentence it is to be cumulated and the record does not reflect a prior sentence that would be eligible for cumulation, the cumulation order is invalid. *Byrd*, 499 S.W.3d at 451. Consequently, we reform the judgment in this case to delete the cumulation order. We sustain Appellant's first two issues.

### CRUEL AND UNUSUAL PUNISHMENT

By his third issue, Appellant contends that the trial court's life sentence constitutes cruel and unusual punishment. The State responds contending that Appellant failed to preserve this issue for appellate review.

Without an objection presented to the trial court, a claim that a sentence constitutes cruel and unusual punishment is forfeited. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (en banc); *Gunnels v. State*, No. 07-23-00111-CR, 2024 Tex. App. LEXIS 5368, at *10 (Tex. App.—Amarillo July 30, 2024, no pet. h.) (mem. op., not designated for publication).

In the present case, Appellant did not complain to the trial court that his sentence was cruel and unusual when it was announced or in a timely filed motion for new trial. Thus, Appellant has not preserved this complaint for appellate review. We overrule Appellant's third issue.

5

## CONCLUSION

For the foregoing reasons, we reform the judgment to remove the cumulation order and affirm the judgment as reformed.

Judy C. Parker
Justice

Do not publish.

6