

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00227-CR
No. 07-24-00228-CR

JAMES ALAN MILLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court Nos. 6845 & 7024, Honorable Dale A. Rabe, Jr., Presiding

March 13, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

James Miller appeals from the trial court's judgments adjudicating him guilty of the offenses of possession of a controlled substance, enhanced (Cause Number 6845) and possession of a controlled substance with intent to deliver with a deadly weapon (Cause Number 7024). The trial court sentenced appellant to serve 30 and 60 years, respectively, in prison. The sentences were also ordered to run consecutively, with the 30-year term to commence after completion of the 60-year sentence. His issues concern the sufficiency of the evidence underlying the finding that he violated a condition of

community supervision, and the grossly disproportionate sentences purportedly levied. We affirm.

### Background

Appellant pleaded guilty to the offenses and was placed on deferred adjudication community supervision. His community supervision was subject to certain terms and conditions. In May 2024, the State moved to adjudicate appellant's guilt in both causes. Allegedly, he provided a fake urine sample when submitting to a drug test and ingested methamphetamine.

Separate hearings were held in each cause. Though appellant pleaded "not true" to the allegations within the motions to adjudicate, the State presented evidence illustrating the allegations to be true in each. That evidence came in the form of appellant admitting to his probation officer that he provided a fake urine sample when undergoing a drug test and that he ingested methamphetamine while on community supervision. Appellant admitted to the latter at trial in Cause Number 6845. That evidence resulted in the trial court adjudicating appellant guilty of the aforementioned crimes and levying the aforementioned sentences.

### Issues One and Two—Sufficiency of the Evidence

By his first two issues, appellant contends the trial court abused its discretion when it found the State satisfied its burden of proof that he violated the terms of his community supervision by committing the offenses of possession of a drug falsification device and consuming methamphetamine. Specifically, appellant argues the evidence was insufficient because other forms of evidence such as an admission of use form was not introduced into evidence and the probation officer failed to testify about the temperature of the fake urine sample he provided. We overrule the issues.

2

We review a trial court's decision to proceed to an adjudication of guilt and to revoke deferred adjudication community supervision under the same standard as a revocation of regular community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b). The State must prove by a preponderance of the evidence that the person on community supervision violated a term of his supervision. *Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006).

"Our review of an order adjudicating guilt and revoking community supervision is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision." *Bell v. State*, 554 S.W.3d 742, 746 (Tex. App.—Houston [1st Dist.] 2018, pet. ref'd). A single violation will support the trial court's decision to revoke community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012). We view the evidence in the light most favorable to the trial court's order. *Bell*, 554 S.W.3d at 746. Finally, as the trier of fact at a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Id.*

To reiterate, appellant's probation officer testified that appellant 1) submitted a fake urine sample when asked to drug test, 2) eventually admitted to providing the fake sample, and 3) admitted to using methamphetamine around April 17, 2024. When testifying in Cause Number 6845, appellant also voiced his sorrow in using methamphetamine while on probation. Such was more than sufficient evidence enabling a factfinder to conclude appellant violated the conditions of probation the trial court found he violated. And, while the officer was free to talk about the temperature of the fake urine appellant provided if queried on the matter or proffer other forms of evidence

3

memorializing appellant's inculpatory admissions, the absence of same did not render the court's findings deficient. Appellant's oral admissions sufficed.

### *Issue Two—Consecutive Sentences*

Through his third issue, appellant contends the trial court erred when it ordered his 30-year sentence in Cause Number 6845 to run consecutively to his 60-year sentence in Cause Number 7024. More specifically, appellant contends the sentences constituted cruel and unusual punishment because the consecutive sentences were grossly disproportionate to his crimes. We overrule the issue.

A trial court's decision to cumulate, or "stack," sentences is reviewed under an abuse of discretion standard. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). As is relevant here, an abuse of discretion will generally be found only if 1) the trial court imposes consecutive sentences when the law requires concurrent sentences, 2) the trial court imposes concurrent sentences when the law requires consecutive ones, or 3) the trial court otherwise fails to observe the statutory requirements pertaining to sentencing. *Nicholas*, 56 S.W.3d 760, 765 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd).

Next, the Eighth Amendment, applicable to state courts through the Fourteenth Amendment, prohibits punishments that are "grossly disproportionate to the severity of the crime" and those that do not serve any "penological purpose." *Bucklew v. Precythe*, 57 U.S. 119, 167, 139 S. Ct. 1112, 1144, 203 L. Ed. 2d 521 (2019). As a general matter, so long as a sentence is legal and assessed within the legislatively determined range, it will not be considered excessive, cruel, or unusual. *State v. Simpson*, 488 S.W.3d 318, 323 (Tex. Crim. App. 2016); *see Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (orig. proceeding) (noting that "the sentencer's discretion to impose any punishment within the prescribed range is essentially 'unfettered'"). Further, if the law

4

authorizes the imposition of cumulative sentences, a trial judge has absolute discretion to stack sentences. *Nicholas*, 56 S.W.3d at 765.

Here, appellant's punishment and cumulative sentences are within statutory parameters. Under article 42.08 of the code of criminal procedure, the judge has the discretion to order sentences for convictions in two or more cases to run consecutively. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Byrd*, 499 S.W.3d at 446. Appellant nevertheless argues that the stacking order in this case violates his rights because the total sentence is grossly disproportionate to his offenses.

A sentence that is within the applicable range of punishment may still be cruel or unusual in the "exceedingly rare" or "extreme" case. *Lockyer v. Andrade*, 538 U.S. 63, 73, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003); *see Solem v. Helm*, 463 U.S. 277, 290-92, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). The analysis appellant invokes is based on *Solem*, which held that "a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem*, 463 U.S. at 292. The first *Solem* criteria constitutes a threshold inquiry, in which we are to determine whether the sentence is grossly disproportionate to the offense, considering the severity of the former compared to the gravity of the latter. *See Simpson*, 488 S.W.3d at 323. We proceed to consider the second and third criteria only if we conclude that the threshold comparison leads to an inference of gross disproportionality. *Id.*

As noted, appellant's sentences separately and cumulatively fell within the statutory range of five to ninety-nine years or life, the applicable range of sentencing for

first degree felonies.[1]  *See* TEX. PENAL CODE ANN. § 12.32.  And, contrary to appellant's assertion in his brief, to determine whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, "a court must judge the severity of the sentence in light of the harm caused or threatened to the victim, the culpability of the offender, and the offender's prior adjudicated and unadjudicated offenses."  *Id.*  Thus, the court was free to take the nature of appellant's crimes as well as appellant's criminal history and other cases before the court into consideration.  Moreover, appellant admitted to being in prison five times, having six felony convictions, attempting to dupe his probation officer, and having ingested drugs during a period for rehabilitation, that is, while on probation.  This is not one of the highly rare situations evincing gross disproportionality.  So, we conclude the cumulated sentences are not grossly disproportionate to appellant's offenses.

Having overruled each of appellant's issues, we affirm the judgment of the trial court.

Per Curiam

Do not publish.

---

[1] One of appellant's offenses was a first-degree felony and the other was a second-degree felony, enhanced to a first for punishment purposes.