

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00333-CR
No. 07-24-00334-CR

**DELTA DAWN DEWITT-ETHEREDGE, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court Nos. 11726, 11727, Honorable Phil N. Vanderpool, Presiding

July 17, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Delta Dawn DeWitt-Etheredge, Appellant, was convicted of possession of a controlled substance and tampering with physical evidence.[1] She was sentenced to imprisonment for two years and five years, respectively. In a single appellate issue,

---

[1] See TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b); TEX. PENAL CODE ANN. § 37.09(a), (c).

Appellant argues that the trial court improperly ordered that her two sentences run consecutively. We affirm.

## BACKGROUND

Appellant was charged by separate indictments with possession of a controlled substance and tampering with physical evidence. Pursuant to a plea bargain, Appellant pleaded "guilty" to each offense and was placed on deferred adjudication for a period of two years. Thereafter, the State filed a motion to proceed with adjudication of guilt in each case alleging that Appellant violated certain terms and conditions of her community supervision. At the hearing on the State's motions, Appellant pleaded "not true" to the State's allegations. The trial court found the allegations to be true, revoked Appellant's community supervision, adjudicated her guilty, and sentenced her to imprisonment as described above. This appeal followed.

## ANALYSIS

Appellant argues that the trial court abused its discretion in ordering her sentences to be served consecutively. Article 42.08 of the Code of Criminal Procedure governs the manner in which trial courts are to order consecutive sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08(a). We review the trial court's decision to cumulate sentences for an abuse of discretion. *See id.*

The trial court has absolute discretion to cumulate sentences if the law authorizes the imposition of cumulative sentences. *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). This discretion is constrained when an accused is found guilty of more than one offense arising out of the "same criminal episode" prosecuted in a "single criminal

2

action." TEX. PENAL CODE ANN. § 3.03(a). In those circumstances, the sentence for each offense for which the defendant is found guilty shall be pronounced and the sentences "shall run concurrently" except under certain statutory exceptions. *Id.* A trial court abuses its discretion if it imposes consecutive sentences where the law requires concurrent sentences. *Byrd*, 499 S.W.3d at 446–47.

The parties acknowledge, and we agree, that Appellant's two cases were prosecuted in a single criminal action. But to show entitlement to concurrent sentencing, Appellant must also establish that her two offenses arose out of the same criminal episode. Appellant fails to address whether the offenses arose out of the same criminal episode, arguing only that "there is no evidence to suggest they were not part of a single criminal episode."

"Criminal episode" is defined as:

the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1)    the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2)    the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01. Tampering with evidence and possession of a controlled substance are not the same or similar offenses; therefore, the offenses were not part of the same criminal episode unless they were committed pursuant to the same transaction or pursuant to two transactions that were connected or constituted a common scheme or plan. *See id.* Appellant has not argued, and the record does not reflect, that the

tampering with evidence charge, arising from conduct that occurred in April of 2020, and the possession of a controlled substance charge, arising from conduct that occurred in October of 2020, were connected in such a manner. Appellant has failed to show that the offenses were both part of the same criminal action and same criminal episode. Therefore, nothing precluded the trial court from ordering the sentences to run consecutively. *See Sharp v. State*, Nos. 01-03-00304-CR, 01-03-00305-CR, 2005 Tex. App. LEXIS 649, at *8 (Tex. App.—Houston [1st Dist.] Jan. 27, 2005, no pet.) (mem. op., not designated for publication) (forgery and tampering with evidence not same or similar offense and record does not reflect offenses committed in same transaction or pursuant to common scheme or plan). Accordingly, we find no abuse of discretion in the trial court's order. We overrule Appellant's issue.

## CONCLUSION

Having overruled Appellant's sole issue on appeal, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

4