**REVERSE and REMAND and Opinion Filed October 30, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01740-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**FRED C. THOMAS, Appellee**

**On Appeal from the County Criminal Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. MB-12-71054-H**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice O'Neill

The State appeals the trial court's order granting Fred C. Thomas's motion to dismiss for violation of speedy trial rights. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a) (West Supp. 2013) (State may appeal dismissal of indictment or information). We sustain the State's two issues, reverse the trial court's order, and remand the cause for further proceedings consistent with this opinion. We issue this memorandum opinion because all matters are settled in law. *See* TEX. R. APP. P. 47.4.

The Sixth Amendment to the United States Constitution guarantees a speedy trial to an accused. *See* U.S. CONST. amend VI; *Gonzales v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014). The plain language of the Sixth Amendment limits the applicability of the Speedy Trial Clause only to an accused. *Gonzales*, 435 S.W.3d at 808. This case presents the question

whether the time period before arrest or formal charge may be considered in determining whether an accused's right to a speedy trial has been violated. We conclude it may not.

The offense, harassment in violation of section 42.07 of the Texas Penal Code, allegedly took place on or about February 1, 2012. *See* TEX. PENAL CODE ANN. § 42.07 (West Supp. 2013). Although a warrant for appellee's arrest was issued on August 9, 2012, appellee was not aware that any complaint had been made against him until April 10, 2013, when four police officers came to his home and informed him of the warrant's existence. The following day, appellee voluntarily turned himself in to police, and was released on bond. An information charging appellee with the offense was filed on August 22, 2013. On August 27, 2013, the trial court gave notice of a trial setting for October 21, 2013. On October 4, 2013, appellee filed his motion to dismiss on speedy trial grounds and obtained a hearing date of November 15, 2013. This setting was passed at appellee's request.

At the third setting, on December 13, 2013, the trial court heard appellee's motion to dismiss. Appellee testified that he did nothing to avoid being found between February 2012 and April 2013. He has had the same home and office addresses for fourteen years, and both addresses are a matter of public record. His ex-wife is the alleged victim of the harassing telephone calls that are the basis of the charges against him. His ex-wife was aware of appellee's addresses, and lived at the home address during the marriage until she and appellee separated in July 2011. The divorce, a month after the alleged offense, was contentious. He was not aware of either his ex-wife's complaint or the existence of the arrest warrant until April 10, 2013, when the police officers visited his home. Due to the passage of time, appellee cannot reconstruct his activities on the date of the alleged offense. He is a doctor of internal medicine, and is concerned about the effect of the charges on his medical practice. Since posting bond, he has been anxious about the pendency of the case. On cross-examination, appellee admitted that he had not been

incarcerated at any time for the alleged offense. Two police officers also testified, but neither were responsible for the case after February 2012, and had no further knowledge of the progress of the case between February 2012 and the date of trial. One of the officers, a detective, testified that the case was transferred to the family violence section because the parties were going through divorce.

In closing argument, appellee's counsel contended that the trial court could presume prejudice from the delay in bringing appellee to trial, and must apply the four-part test of *Barker v. Wingo*, 407 U.S. 514 (1972), to determine if appellee's right to a speedy trial was violated. He argued that 18 or 20 months had elapsed since the date of the offense, and over a year had elapsed since the arrest warrant was issued. He argued that the *Barker* factors all weighed in favor of appellee: the delay was long; the State failed to explain any reason for the delay; appellee was not at fault for any delay and acted promptly in responding to the arrest warrant, filing his motion to dismiss, and obtaining a hearing; and appellee had been prejudiced by the delay.

Counsel for the State argued that appellee failed to make a threshold showing of presumptive prejudice, so the court need not undertake the *Barker* analysis. She argued that the time between issuance of the arrest warrant and actual arrest is not counted in determining the period of delay. She argued that the "trigger" for the speedy trial analysis was appellee's arrest in April 2013, and only four months had elapsed between the arrest and the filing of the information in August 2013 that charged appellee with the offense. The State was ready for trial "on the first speedy trial motion setting in November," for a total of seven months after arrest.

Counsel for the State also argued that even if the other *Barker* factors are considered, they should weigh in favor of the State. The case was complicated by the transfer to the family violence section; appellee was never incarcerated; appellee's "general anxiety" carried little

weight; and appellee had not even attempted to review his records to determine his activities on the date of the alleged offense, and so had not established any prejudice to his defense. In rebuttal, appellee's counsel argued that "[t]he case law is pretty clear that the counting starts when the warrant is issued."

The trial court granted appellee's motion to dismiss. In two issues, the State alleges the trial court erred by granting the motion. In reviewing the trial court's ruling, "we give almost total deference to historical findings of fact of the trial court that the record supports and draw reasonable inferences from those facts necessary to support the trial court's findings." *Gonzales*, 435 S.W.3d at 808–09. But we review de novo "whether there was sufficient presumptive prejudice to proceed to a *Barker* analysis and the weighing of the *Barker* factors, which are legal questions." *Id.* at 809.

In *Gonzales*, the court explained, "[i]n addressing a speedy-trial claim, the Supreme Court has laid out four factors that a court should consider: (1) the length of the delay, (2) the State's reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) prejudice to the defendant because of the length of delay." *Id.* at 808 (citing *Barker*, 407 U.S. at 530). A court does not engage in this analysis, however, unless the accused makes an initial showing that "'the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay.'" *Id.* (quoting *Doggett v. United States*, 505 U.S. 647, 651–52 (1992)). "Presumptive prejudice," according to the *Gonzales* court, "'simply marks the point at which courts deem the delay unreasonable enough to trigger [further] enquiry.'" *Id.* (quoting *State v. Munoz*, 991 S.W.2d 818, 821–22 (Tex. Crim. App. 1999)). The court concluded, "[t]hus, if the State prosecuted the accused with "customary promptness," the accused has failed to meet the threshold burden, but if the defendant can make the threshold showing of presumptive prejudice, a court must then proceed to consider each of the remaining

–4–

*Barker* factors and weigh them." *Id.* (citing *Munoz*, 991 S.W.2d at 821–22); *see also State v. Jones*, 168 S.W.3d 339, 347 (Tex. App.—Dallas 2005, pet. ref'd) (unless delay is "presumptively prejudicial," courts need not inquire into other *Barker* factors).

There is no "set time element" that triggers the *Barker* analysis. *Cantu v. State*, 253 S.W.3d 273, 281 (Tex. Crim. App. 2008). In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). The length of the delay is measured from the time the defendant is arrested or formally accused. *Id.* (citing *United States v. Marion*, 404 U.S. 307, 313 (1971)).

Appellee argues that the issuance of the arrest warrant in August 2012 constitutes a "formal accusation" triggering the *Barker* analysis. He contends that when the arrest warrant was issued, he was "formally accused by a police officer in an affidavit that was filed in a court, submitted to a judge, who found probable cause that Appellee committed an offense, and issued an arrest warrant," long before his actual arrest. He distinguishes cases cited by the State, arguing that all but *Santallan v. State*, 922 S.W.2d 306 (Tex. App.—Fort Worth 1996, pet. ref'd), are consistent with the argument that the term "formal accusation" is broad and may include an arrest warrant as well as an indictment or information. *See Santallan*, 922 S.W.2d at 307 (where no pre-arrest indictment, time period ran from actual arrest, not issuance of arrest warrant four years prior); *see also Davis v. State*, 630 S.W.2d 532, 537–38 (Tex. App.—Amarillo 1982, no pet.) ("less formal" accusation or charge, such as filing of complaint or issuance of arrest warrant, will not suffice to trigger speedy trial protections).

We disagree with appellee's argument. In *Marion*, the Supreme Court held that the Sixth Amendment right to a speedy trial does not apply to pre-arrest delay:

> Invocation of the speedy trial provision thus need not await indictment, information, or other formal charge. But we decline to extend that reach of the amendment to the period prior to arrest. Until this event occurs, a citizen suffers no restraints on his liberty

and is not the subject of public accusation: his situation does not compare with that of a defendant who has been arrested and held to answer. Passage of time, whether before or after arrest, may impair memories, cause evidence to be lost, deprive the defendant of witnesses, and otherwise interfere with his ability to defend himself. But this possibility of prejudice at trial is not itself sufficient reason to wrench the Sixth Amendment from its proper context. Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case.

404 U.S. at 321–22 (internal footnotes omitted).

In *United States v. Lovasco*, the Court reaffirmed that "as far as the Speedy Trial Clause of the Sixth Amendment is concerned, such [preindictment] delay is wholly irrelevant, since our analysis of the language, history, and purposes of the Clause persuaded us that only 'a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge . . . engage the particular protections' of that provision." 431 U.S. 783, 788–89 (1977) (quoting *Marion*, 404 U.S. at 320); *see also United States v. MacDonald*, 456 U.S. 1, 6–7 (1982) (citing *Marion* and *Lovasco* for the proposition that delay prior to arrest or indictment does not give rise to a Sixth Amendment speedy trial claim).

Considering only post-arrest delay, *see Marion*, 404 U.S. at 321–22, appellee was arrested in April 2013. The information was filed four months later, in August 2013, and the State was ready for the hearing on appellee's motion to dismiss in November, for a total of seven months between appellee's arrest and trial.[1] Appellee's motion to dismiss was premised on an alleged delay of "well over a year," but included pre-arrest delay in this calculation. Because pre-arrest delay does not implicate the right to a speedy trial, appellee did not make an initial showing that "'the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay.'" *Gonzales*, 435 S.W.3d at 808 (quoting

---

[1] Appellee does not include the month delay between the November and December 2013 settings in his calculation of the delay, because the November hearing was passed at his request.

*Doggett*, 505 U.S. at 651–52).  Without "presumptively prejudicial" delay to trigger a Sixth Amendment analysis, there was no need to consider the other *Barker* factors.  *See Jones*, 168 S.W.3d at 347 (citing *Barker*, 407 U.S. at 530).  The trial court erred by concluding that appellee's "constitutional speedy trial rights have been violated to his detriment."  We sustain the State's issues.

We reverse the trial court's order granting appellee's motion and remand this cause to the trial court for further proceedings consistent with this opinion.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Publish
TEX. R. APP. P. 47

131740F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-01740-CR      V.

FRED C. THOMAS, Appellee

On Appeal from the County Criminal Court No. 7, Dallas County, Texas
Trial Court Cause No. MB-12-71054-H.
Opinion delivered by Justice O'Neill, Justices Lang-Miers and Brown participating.

Based on the Court's opinion of this date, the trial court's order granting appellee Fred C. Thomas's motion to dismiss for violation of speedy trial rights is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 30th day of October, 2014.