# NO. 12-16-00191-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDWARD CABALLERO,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Edward Caballero appeals his conviction for unlawful possession of a firearm by a felon. In four issues, Appellant argues that his right to a speedy trial was violated, the trial court failed to make required findings of fact and conclusions of law, and the trial court erred by ordering that his sentence be served consecutively to another sentence. We modify the trial court's judgment and affirm as modified.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon and unlawful possession of a firearm by a felon. He pleaded "not guilty," and the matter proceeded to a jury trial.

At trial, the evidence showed that the police responded to a call about a disturbance at Appellant's home. Appellant's wife, Cecile, gave a written statement alleging that Appellant fired a handgun once into the floor and once very near her head. The police learned that Appellant was on parole for arson and arrested him for unlawful possession of a firearm by a felon. Appellant later told Anderson County Sheriff's Investigator Ryan Toliver that he fired the gun once but never threatened Cecile with it. At trial, Cecile testified that Appellant did not have a gun that night and the police coached her into making the statement.

Ultimately, the jury was unable to reach a decision on the aggravated assault charge. The jury found Appellant "guilty" of possession of a firearm by a felon and assessed his punishment at imprisonment for twenty years and a $10,000 fine. This appeal followed.

SPEEDY TRIAL

In his first issue, Appellant contends that the trial court erred by denying his right to a speedy trial.

**Standard of Review and Applicable Law**

In assessing whether a defendant was deprived of his right to a speedy trial, we consider the length of the delay, the reason for the delay, the defendant's assertion of his right, and any prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192, 33 L. Ed. 2d 101 (1972). However, before we engage in an analysis of each *Barker* factor, the defendant must first make a threshold showing that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Gonzalez v. State*, 435 S.W.3d 801, 808 (Tex. Crim. App. 2014) (citing *Doggett v. U.S.*, 505 U.S. 647, 651-52, 112 S. Ct. 2682, 2686, 120 L. Ed. 2d 520 (1992)). "Presumptive prejudice" simply marks the point in which courts deem the delay unreasonable enough to trigger further inquiry. *See id.* (citing *State v. Munoz*, 991 S.W.2d 818, 821-22 (Tex. Crim. App. 1999)). The length of the delay is measured from the time the defendant was arrested or formally accused. *State v. Thomas*, 453 S.W.3d 1, 4 (Tex. App.–Dallas 2014, no pet.) (citing *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003)). In general, delay approaching one year is sufficient to trigger a speedy trial inquiry. *Doggett*, 505 U.S. at 652 n.1, 112 S. Ct. at 2686.

The essential ingredient of the Sixth Amendment's speedy trial guarantee is "orderly expedition and not mere speed." *U.S. v. Marion*, 404 U.S. 307, 313, 92 S. Ct. 455, 459, 30 L. Ed. 2d 468 (1971) (Sixth Amendment appears to guarantee criminal defendant that government will move with dispatch appropriate to assure him early and proper disposition of charges against him). The balancing test in *Barker* requires a case by case weighing of the conduct of both the prosecution and the defendant. *Barker*, 407 U.S. at 530, 92 S. Ct. at 2192. No single factor is a necessary or sufficient condition to find a speedy trial violation. *Id.*, 407 U.S. at 533, 92 S. Ct. at 2193; *State v. Wei*, 447 S.W.3d 549, 553 (Tex. App.–Houston [14th Dist.] 2014, pet. ref'd). The related factors must be considered together with such other circumstances as may be relevant.

*See Wei*, 447 S.W.3d at 553. When the State's negligence causes "extraordinary" delay, and when the presumption of prejudice is neither extenuated, as by the defendant's acquiescence, nor persuasively rebutted by the State, the defendant is entitled to relief. ***Doggett***, 505 U.S. at 658, 112 S. Ct. at 2694.

In reviewing a trial court's decision on a speedy trial claim, we apply a bifurcated standard of review. *See **State v. Munoz***, 991 S.W.2d at 821. We review factual issues for an abuse of discretion and legal issues de novo. ***Id.*** Here, because the trial court denied Appellant's motion to dismiss, we presume that it resolved any disputed fact issues in the State's favor and defer to these implied findings of fact that the record supports. *See **id.***

## Threshold Showing of Delay

The record in this case reflects that Appellant was arrested on April 23, 2014 and indicted on April 30, 2015. On February 25, 2016, Appellant filed a motion for a speedy trial. Appellant's trial began on June 20, 2016. The delay between Appellant's arrest and his trial was approximately twenty-six months. We conclude that this delay is sufficient to trigger an analysis under the ***Barker*** factors. *See **id.***

## Reason for the Delay

The burden of excusing a delay rests with the state, and when the record is silent or contains reasons insufficient to excuse the delay, we must presume that no valid reason for the delay existed. *See **Turner v. State***, 545 S.W.2d 133, 137-38 (Tex. Crim. App. 1976). Different weights should be assigned to different reasons for the delay. ***Barker***, 407 U.S. at 531, 92 S. Ct. at 2192. A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the state. ***Id.*** A more neutral reason such as negligence or overcrowded courts should be weighted against the state less heavily. ***Id.*** A valid reason, such as a missing witness, should justify an appropriate delay. ***Id.*** Delay attributable to the defendant may constitute the waiver of a speedy trial claim. ***Id.***, 407 U.S. at 529, 92 S. Ct. at 2191; *see also **Dickey v. Florida***, 398 U.S. 30, 48, 90 S. Ct. 1564, 1574, 26 L. Ed. 2d 26 (1970) (Brennan, J., concurring) ("defendant may be disentitled to the speedy trial safeguard in the case of a delay for which he has, or shares, responsibility").

The State argues that the delay in Appellant's trial was ordinary delay attributable to its engagement in good faith plea negotiations with Appellant and diligent processing of other cases.

While this may be true, we find no support in the record for these justifications. However, we find other justifications for some delay.

The reason for the yearlong delay in indicting Appellant is not apparent from the record. Accordingly, this **Barker** factor weighs against the State regarding this part of the delay. *See Turner*, 545 S.W.2d at 137-38. Regarding the fourteen month delay between Appellant's indictment and his trial, some, but not all, of the delay is justified by reasons appearing in the record. The record shows that the State requested a continuance on November 9, 2015 based on the discovery of new evidence, which the trial court granted. Thus, a valid reason justified some delay at that time. *See Barker*, 407 U.S. at 531, 92 S. Ct. at 2192.

Furthermore, the record shows that the State requested another continuance in order to offer evidence in compliance with the code of criminal procedure. The State provided Appellant with a copy of his videotaped jail interview eighteen days before trial. Appellant moved to suppress the videotape because of the State's failure to comply with the requirement that it provide Appellant with a copy at least twenty days before trial.[1] The State argued that it needed the videotape in order to make its case because one witness had died and Cecile was becoming uncooperative. Like a missing witness, a missing piece of evidence is a valid reason to seek a delay of the proceedings. *See id.* However, the record does not indicate the reason for the State's tardiness in providing the videotape to Appellant, so we must presume that there was no valid reason and it was a result of the State's negligence. *See Turner*, 545 S.W.2d at 137-38. Therefore, we conclude that the delay caused by this continuance was partially but not fully justified. *See id.*; **Barker**, 407 U.S. at 531, 92 S. Ct. at 2192. Overall, we conclude that this factor weighs slightly against the State.

## Assertion of Right to Speedy Trial

Under **Barker**, a defendant has some responsibility to assert his right to a speedy trial. *See Barker*, 407 U.S. at 528-29, 92 S. Ct. at 2191. The defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether he was deprived of the right. *See id.*, 407 U.S. at 531-32, 92 S. Ct. at 2192-93. Although a defendant's failure to assert his speedy trial right does not amount to a waiver of that right, a failure to assert the right makes proving that the right was denied difficult. ***Dragoo v. State***, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003). This is because a defendant's lack of a timely demand for a speedy trial indicates

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(5) (West Supp. 2017).

strongly that he did not really want a speedy trial, and that he was not prejudiced by the lack of one. *Id.* Furthermore, the longer the delay, the more likely it becomes that a defendant who wanted a speedy trial would take some action to obtain it. *See id.* Thus, inaction weighs more heavily against a violation the longer the delay becomes. *Id.*

Here, Appellant filed a motion for speedy trial twenty-two months after his arrest, and ten months after his indictment. He was tried less than four months after he filed the motion. Appellant's delay in asserting his right to a speedy trial strongly indicates that he did not want a speedy trial. *See id.* We conclude that although Appellant eventually asserted his speedy trial right, his lengthy delay in asserting it indicates that he did not want a speedy trial. *See id.* Therefore, this *Barker* factor weighs strongly against Appellant.

## Prejudice

The last *Barker* factor is "prejudice to the defendant." *Barker*, 407 U.S. at 532-33, 92 S. Ct. at 2193-94. Prejudice is assessed in the light of the interests that the speedy trial right is designed to protect. *Id.* Three such interests are (1) preventing oppressive pretrial incarceration, (2) minimizing anxiety and concern of the accused, and (3) limiting the possibility that the defense will be impaired. *Id.* Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id.* A defendant has the burden to make some showing of prejudice, but a showing of actual prejudice is not required. *See Munoz*, 991 S.W.2d at 826. When a defendant makes a prima facie showing of prejudice, the State must prove that the accused suffered no serious prejudice beyond that which ensued from the ordinary and inevitable delay. *Id.* Excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove. *See Doggett*, 505 U.S. at 655, 112 S. Ct. at 2693. While such presumptive prejudice cannot alone carry a Sixth Amendment claim, it is relevant, and its importance increases with the length of the delay. *Id.*

In this case, Appellant's only argument that his defense was prejudiced is that if his trial was not delayed, his videotaped confession would have been inadmissible. When Appellant's case was called for trial, defense counsel urged a motion to suppress the videotaped confession based on the fact that it was provided to him only eighteen days earlier, in violation of the code of criminal procedure's twenty day requirement.[2] The trial court asked whether Appellant

---

[2] *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(5).

5

suffered harm from the violation, and defense counsel responded that the harm derived simply from the statements in the video. The State argued that Appellant was "relying on the fact that [Cecile was] becoming uncooperative, and [the State needed] the confession made by [Appellant] to make [their] case." It further stated that another witness had died since the date of the offense. The State requested a continuance if it could not use the videotape that day. The trial court granted the continuance over Appellant's objection. Appellant was tried thirty-four days later.

While the videotape was certainly prejudicial to Appellant's case, precluding relevant evidence from the jury's consideration is not an interest that the speedy trial right is designed to protect. *See Barker*, 407 U.S. at 532-33, 92 S. Ct. at 2193-94. "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." *Id.*, 407 U.S. at 522, 92 S. Ct. at 2188. Here, the record supports an implied finding by the trial court that the State's interest in public justice outweighed Appellant's interest in preventing a brief delay in his trial. *See Munoz*, 991 S.W.2d at 821. Based on the circumstances, we conclude that any prejudice caused by the thirty-four day continuance weighs only slightly against the State.

We further note that the delay in Appellant's trial seems to have worked to his advantage rather than his prejudice. When delay works in a defendant's favor, deprivation of his right to a speedy trial cannot be said to prejudice his defense. *See Barker*, 407 U.S. at 521, 92 S. Ct. at 2187. When defense counsel urged Appellant's motion to suppress the videotape, the State told the trial court that Cecile was becoming uncooperative and that another witness had died. If Appellant had been tried shortly after his arrest, the State would have had an additional witness, and Cecile would likely have testified differently. In Cecile's statement to the police shortly after the incident, she said that Appellant had two guns that night and fired twice in the house, including once so near her head that her ears rang. By the time of trial, Cecile's story was that Appellant did not have any guns that night. Thus, the State's case against Appellant became weaker over time, likely resulting in the jury's inability to reach a decision on Appellant's guilt of aggravated assault. Because the delay in Appellant's trial appears to have worked to his advantage rather than his prejudice, we conclude that this *Barker* factor weighs against Appellant.

6

**Conclusion**

We now consider and weigh the ***Barker*** factors. Although the length of the delay and the reasons for the delay weigh slightly against the State, they do not outweigh the facts that Appellant waited twenty-two months to assert his speedy trial right, and that the delay appears to have worked in his favor. Thus, having considered the aforementioned factors and the entirety of the record, we conclude that Appellant's right to a speedy trial was not violated. *See **Barker***, 407 U.S. at 539, 92 S. Ct. at 2182. Accordingly, we overrule Appellant's first issue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In Appellant's second and third issues, he argues that the trial court erred by failing to file findings of fact and conclusions of law required under Article 38.22 of the code of criminal procedure.

**Applicable Law**

When a question is raised as to the voluntariness of a defendant's statements, the trial court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6 (West Supp. 2017). If the trial court finds that the statement was voluntary and holds it admissible as a matter of law and fact, it must enter an order stating its conclusion as to whether the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based. *Id.*

The court of criminal appeals has held that "written findings are required in all cases concerning voluntariness. [Section 6 of article 38.22] has no exceptions." *See **Vasquez v. State***, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). When such findings are not filed, a court of appeals errs by not abating for them, even where neither party requested written findings at any level of the proceedings. *See **id***.

**Exhibit 13**

In Appellant's second issue, he complains that the trial court failed to file findings of fact and conclusions of law after hearing his objection to the admission of State's Exhibit 13, a recording of a jailhouse phone call between Appellant's brother and Cecile on the night of the offense.[3] Appellant's voice can be heard in the background. The State argues that the trial court

---

[3] Appellant's brother was incarcerated for an unrelated offense.

was not required to file findings of fact and conclusions of law regarding Exhibit 13 because Appellant did not raise a question as to the voluntariness of his statements in that recording. We agree.

When the State offered Exhibit 13 into evidence, Appellant objected that its admission was prohibited by Texas Rule of Evidence 803(8)(A), which defines the public records exception to the rule against hearsay. He further objected that the State failed to lay the proper predicate because there was no showing that the recording device was capable of taking testimony, the operator of the device was competent, and the recording was authentic. After hearing argument from both sides, the trial court recessed the case to allow the parties time for further research of the issue. The next morning, the trial court heard additional argument regarding the admissibility of Exhibit 13. Appellant reasserted his hearsay objection and additionally objected under the Sixth Amendment's confrontation clause. The trial court overruled the objections.

Based on the record before us, we agree with the State that Appellant did not raise a question as to the voluntariness of his statements in Exhibit 13. Therefore, the trial court was not required to file findings of fact and conclusions of law regarding Exhibit 13. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6. Accordingly, we overrule Appellant's second issue.

## Exhibit 14

In Appellant's third issue, he complains that the trial court failed to file findings of fact and conclusions of law after hearing his objection to the admission of State's Exhibit 14, a videotaped recording of Appellant's custodial jail interview. The State does not address this issue in its brief.

Before trial, Appellant filed a motion to suppress, asserting that "[a]ny statements made by [Appellant] were involuntary and were coerced and enticed from [him]." At trial, defense counsel objected to Exhibit 14's admission, stating, "[M]y objection has to do with the fact that there's nothing on the recording that indicates that [Appellant] knowingly, intelligently and voluntarily waived his rights as set out in that warning." The State responded that the trial court had already ruled on the issue. The trial court overruled Appellant's objection.

The original appellate record contained no record of a suppression hearing and no findings of fact and conclusions of law. Because Appellant raised a question as to the voluntariness of his statements in Exhibit 14, the trial court was required to make a finding in the absence of the jury and file findings of fact and conclusions of law regarding the voluntariness of

8

the statements. *See id.* Therefore, we abated the case and remanded it for preparation of an order stating the trial court's findings of fact and conclusions of law. *See Vasquez*, 411 S.W.3d at 920. An order was prepared and included in a supplemental clerk's record certified to this Court. We allowed Appellant and the State time to file supplemental briefs based on the conclusions and findings in the order. The time for filing such supplemental briefs has expired, and none were filed.

After reviewing the trial court's order stating its findings of fact and conclusions of law, we conclude that the trial court is now in compliance with Section 6 of Article 38.22. Although the trial court's order does not contain an explicit conclusion that Appellant's statement was made voluntarily, the trial court concludes that "the custodial interrogation of the defendant was made in accordance with Texas Code of Criminal Procedure art. 38.22." Section 3 of Article 38.22 mandates that "[n]o oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless . . . prior to the statement but during the recording the accused is given the warning in subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning." TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(2). Thus, by concluding that Appellant's custodial interrogation was made in accordance with Article 38.22, the trial court implicitly concluded that Appellant's statements were voluntarily made.

Because the trial court has now complied with Section 6 of Article 38.22, we conclude that any error in its previous failure to file the required findings and conclusions is cured. *See id.* art. 38.22 § 6. Accordingly, we overrule Appellant's third issue.


### CUMULATION ORDER

In Appellant's fourth issue, he argues that the trial court erred by ordering that his sentence run consecutively to the sentence in his prior arson case.

**Standard of Review and Applicable Law**

Article 42.08 of the code of criminal procedure governs the manner in which trial courts are to order consecutive sentences. *See* TEX. CODE CRIM. PROC. ANN. art. 42.08 (West Supp. 2017); *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016). Generally, the trial court has absolute discretion to cumulate sentences, as long as cumulation is authorized by law in the particular case. *See Byrd*, 499 S.W.3d at 446.

9

Subsection (a) of Article 42.08 gives a trial court discretion to order a defendant's sentence to begin after a preceding conviction's sentence has "ceased to operate." *See id.* at 447. A sentence ceases to operate when it has been served in full or when the inmate is approved for parole release. *See id.*; TEX. GOV'T CODE ANN. § 508.150(b) (West 2012). However, when parole is revoked, the sentence may reacquire its operative status. *See Byrd*, 499 S.W.3d at 447. Thus, if a defendant is sentenced on a subsequent offense after his parole is revoked, the trial court has discretion to stack the sentences. *See id.* at 451. But if the defendant is sentenced before his parole is revoked, the trial court may not stack the sentences. *See id.*

## Analysis

In this case, the record indicates that Appellant was on parole at the time of his sentencing. Cecile and Investigator Toliver both testified that Appellant was currently on parole. After the trial court pronounced Appellant's sentence, the State moved "that it be consecutive to the sentence he's on parole for." The trial court granted the motion. The judgment contains an order that the sentence "run consecutively with 568202," the cause number of the case in which Appellant was on parole.

On appeal, the State agrees that the trial court erred by ordering that the sentence in this case run consecutively to the prior case, and so do we. *See id.* Because there is no evidence that Appellant's parole had been revoked at the time he was sentenced in this case, the trial court's cumulation order is invalid. *See id.* Accordingly, we sustain Appellant's fourth issue and modify the trial court's judgment to delete the cumulation order.

## DISPOSITION

We have overruled Appellant's first, second, and third issues. Having sustained his fourth issue, we *modify* the trial court's judgment to delete the cumulation order. We *affirm* the trial court's judgment as modified.

**BRIAN HOYLE**
Justice

Opinion delivered December 21, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

10



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 21, 2017**

**NO. 12-16-00191-CR**

**EDWARD CABALLERO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 369th District Court
of Anderson County, Texas (Tr.Ct.No. 369CR15-32195)

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to delete the cumulation order; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*