**REVERSE AND REMAND and Opinion Filed April 7, 2020**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00809-CR

**THE STATE OF TEXAS, Appellant**

**V.**

**ANGELA MARIE MILLS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 17-80129-CC2-F**

## MEMORANDUM OPINION

Before Justices Myers, Whitehill, and Pedersen, III
Opinion by Justice Whitehill

Appellee Angela Marie Mills was indicted for driving while intoxicated with a child under fifteen. About twenty-four months after appellee's arrest, the trial court granted her motion to set aside the indictment because her speedy trial right was violated. The State appealed and argues in one issue that the trial court erred. Appellee has not filed a brief.

We reverse because appellee did not seek a speedy trial in the trial court and did not demonstrate prejudice from the delay. These facts outweigh the other relevant speedy trial factors, namely the length of and reasons for the delay.

## I. BACKGROUND

We draw these facts from the clerk's record and the June 21, 2019 dismissal motion hearing reporter's record.

Appellee was arrested for this offense in June 2017 and spent one night in jail.

She was indicted on September 11, 2017.

Her lawyer filed an appearance two weeks later.

The trial court's fact findings recite that the parties agreed to reset pre-trial and announcement settings scheduled for the following dates:

October 11, 2017 (pre-trial setting)
November 16, 2017 (pre-trial announcement setting)
January 10, 2018 (pre-trial announcement setting)
February 14, 2018 (pre-trial announcement setting)
March 28, 2018 (pre-trial announcement setting)

On March 28, 2018, counsel for both sides signed a pass slip resetting the announcements for May 9, 2018. But the May 9, 2018 setting was canceled because the judge was unavailable.

At a June 13, 2018 announcement setting, both sides signed a pass slip setting the case for trial on October 29, 2018. But on October 9, 2018, appellee filed a continuance motion because her lawyer had recently moved his office and also had

a conflicting trial setting. Two days later the trial court granted the continuance and set the case for jury trial on January 14, 2019.

The trial judge's docket sheet reflects that both sides announced ready for the January 14 trial setting, but the case had to be reset because not enough jurors appeared. The case was reset for jury trial to begin on February 25, 2019.

The judge's docket sheet reflects that the February 25, 2019 trial ended in a mistrial "due to 2 jurors absent." At the dismissal motion hearing, appellee's lawyer said without contradiction that one juror had a heart attack and a different juror's spouse had a heart attack after the trial started.[1] The trial was reset for March 25, 2019.

On March 5, 2019, the State moved for a continuance based on a witness's unavailability. The motion recites that appellee was unopposed to the continuance. The trial judge granted the motion and reset the trial for April 15, 2019.

The April 15, 2019 trial ended in a mistrial. The judge's docket sheet reflects that the mistrial was "due to juror unavailability after jury chosen & sworn in." At the dismissal motion hearing, appellee's lawyer said without contradiction that the problem arose because jury selection went long, two jurors couldn't stay past 5:00 that day, and the State's toxicologist couldn't come back to testify the next day. The trial was reset for July 1, 2019, and both sides signed the pass slip reflecting the new

---

[1] The court of criminal appeals has considered counsel's factual statements to the trial court in weighing speedy trial claims. *See Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003).

setting. Moreover, the trial court found that neither side objected to the mistrial and both sides agreed to reset the trial.

On June 20, 2019, appellee filed her motion to set aside the indictment because she had not gotten a speedy trial. The trial judge heard the motion the next day. Appellee testified that she had been "diagnosed with anxiety" before this case began and that "this case and the length of it and the fact that we've had to prepare four times for trial" caused her additional anxiety. She saw her doctor and adjusted her medications. Additionally, her added anxiety was causing marital problems for appellee and her husband. And she was experiencing financial hardship because her lawyer charged her more money each time he prepared for trial. Every time her case was discussed before a new jury, she experienced humiliation or embarrassment as well as increased anxiety.

On cross-examination, appellee said that she didn't think she was planning to call any witnesses at trial. She also said she never asked her lawyer to seek an earlier trial date on the occasions when the case was set for trial, but she didn't think she was allowed to.

Appellee's lawyer said without contradiction that it took over a year for the results of appellee's blood test to come back from the laboratory. The trial court found that "[t]he Department of Public Safety took too long to test Defendant's seized blood."

The trial judge granted appellee's motion to set aside the indictment and later signed the State's proposed fact findings and legal conclusions.

The State timely appealed. *See* TEX. CODE CRIM. PROC. art. 44.01(a)(1).

## II. APPLICABLE LAW AND STANDARD OF REVIEW

The federal and Texas constitutions guarantee an accused the right to a speedy trial. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *cf.* TEX. CODE CRIM. PROC. art. 1.05. The right protects the defendant from oppressive pretrial incarceration, the anxiety accompanying public accusation, and impairment to her defense. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008).

Although the state and federal guarantees are distinct, they involve the same factors. *See id.* at 280 n.16. We weigh and balance (i) the delay's length, (ii) the reasons for the delay, (iii) the assertion of the right, and (iv) prejudice to the accused. *See State v. Munoz*, 991 S.W.2d 818, 821 (Tex. Crim. App. 1999) (discussing *Barker v. Wingo*, 407 U.S. 514 (1972)). We must consider both sides' conduct in our analysis. *Id.* No single factor is a necessary or sufficient condition to finding a speedy trial violation. *Id.*

The proper remedy for a speedy trial violation is dismissal without prejudice. *Shaw v. State*, 117 S.W.3d 883, 888 (Tex. Crim. App. 2003).

We use a bifurcated standard of review. We apply an abuse of discretion standard to the factual components of the trial court's ruling and a de novo standard to its legal components. *Munoz*, 991 S.W.2d at 821. We give almost total deference

–5–

to historical fact findings that the record supports. *State v. Thomas*, 453 S.W.3d 1, 3 (Tex. App.—Dallas 2014, no pet.) (mem. op.). Applying the balancing test as a whole is a purely legal question. *Cantu*, 253 S.W.3d at 282.

### III. ANALYSIS

The State's sole issue argues that the trial court erred by granting appellee's motion and dismissing the indictment. We agree based on our analysis of the relevant factors below.

### A. The delay's length favors appellee.

The first factor is, to some extent, a triggering mechanism because a speedy trial claim will not be heard until a prima facie unreasonable time period has passed. *Shaw*, 117 S.W.3d at 889. We measure the delay from the time the defendant is arrested or formally accused. *Id*. Generally, a delay approaching one year is sufficient to trigger a speedy trial inquiry. *Id*.

Here, appellee was arrested in June 2017. After that, about fifteen months passed before her first trial setting (October 2018) and about twenty-five months would have passed had her last trial setting (July 2019) been reached. *See State v. Manley*, 220 S.W.3d 116, 122 (Tex. App.—Waco 2007, no pet.) (the clock runs until the beginning of the trial that ends the case). The State concedes that the first factor is satisfied, and we agree. Thus, the first factor weighs in appellee's favor.

**B.      The reasons for the delay slightly favor appellee.**

The State bears the burden of justifying the delay.  *Shaw*, 117 S.W.3d at 889 n.3.

We assign different weights to different reasons for delay.  *Id*. at 889.  Some reasons are valid and serve to justify the delay, while others are invalid and do not justify the delay.  *Id*.  Generally, deliberate delays to hamper the defense weigh heavily against the State, delays due to negligence or overcrowded courts weigh less heavily against the State, and delays for valid reasons do not weigh against the State at all.  *Munoz*, 991 S.W.2d at 822 & n.1.  If no reason is given for a period of delay, the period weighs against the State, but not heavily.  *Dragoo v. State*, 96 S.W.3d 308, 314 (Tex. Crim. App. 2003).

The State is entitled to a reasonable period of time to prepare its case, and that time doesn't count against the State.  *See, e.g.*, *Shaw*, 117 S.W.3d at 889–90 (three months from indictment to first trial didn't count against the State).  Delays by mutual agreement don't weigh against either side  *Herrera v. State*, No. 05-15-00119-CR, 2016 WL 3098699, at *4 (Tex. App.—Dallas May 23, 2016, no pet.) (mem. op., not designated for publication).  Delays for good faith plea negotiations are valid and do not weigh against the State.  *Munoz*, 991 S.W.2d at 824.  A delay for a missing witness is also valid.  *Coy v. State*, No. 05-15-00011-CR, 2016 WL 1705153, at *4 (Tex. App.—Dallas Apr. 26, 2016, no pet.) (mem. op., not designated for publication).

We now apply the law to the facts:

| Time period | Reason for delay | Weight |
|---|---|---|
| June 2017 – Sept. 2017 (arrest to indictment) (three months) | None | Slightly against the State |
| Sept. 2017 – Oct. 2017 (indictment to first pre-trial setting) (one month) | None | Slightly against the State |
| Oct. 2017 – May 2018 (first pre-trial setting to sixth pre-trial announcements setting) (about seven months) | By agreement | None (delay by agreement) |
| May 2018 – June 2018 (sixth announcements setting to seventh announcements setting) (one month) | Judge unavailable | Slightly against the State (if treated as similar to overcrowded docket condition) |
| June 2018 – Oct. 2018 (seventh announcements setting to first trial setting) (four months) | By agreement | None (delay by agreement) |
| Oct. 2018 – Jan. 2019 (first trial setting to second trial setting) (three months) | Appellee's continuance | Against appellee |
| Jan. 2019 – Feb. 2019 (second trial setting to third trial setting) (about six weeks) | Insufficient jury venire at second trial setting | Slightly against the State (if treated as similar to overcrowded docket condition) |
| Feb. 2019 – Mar. 2019 (third trial setting to fourth trial setting) (one month) | Mistrial at third trial setting because of jurors' personal issues | None (valid reason for delay) |
| Mar. 2019 – April 2019 (fourth trial setting to fifth trial setting) (less than one month) | State's unopposed continuance for missing witness | None (valid reason for delay) |

| April 2019 – July 2019 (fifth trial setting to sixth trial setting) (about six weeks) | Mistrial at fifth trial setting because of jurors' scheduling conflicts | None (delay by agreement) |
|---|---|---|
| June 2019 | Appellee filed motion to set aside indictment | |

In summary, the delay from appellee's arrest until the last trial setting (which wasn't reached because of appellee's dismissal motion) was about twenty-five months, of which at most six and a half months should be weighed slightly against the State and three months were caused by appellee's own continuance motion. Valid reasons justified the remaining delays, so they do not weigh against either side.

Based on all the circumstances, and giving appellee the benefit of the doubt, we conclude that this factor weighs slightly against the State.

## C.     Appellee's failure to seek a speedy trial weighs against her.

The defendant has the burden of proving that she asserted her speedy trial right.  *Cantu*, 253 S.W.3d at 280.  The defendant's burden of showing diligence diminishes in proportion to the State's culpability for the delay.  *Id*. at 281–81.

Here, the State's culpability is slight, so appellee's burden to show that she diligently asserted her speedy trial right is only slightly reduced.

Failure to seek a speedy trial makes it difficult for a defendant to prevail on a speedy trial claim because that failure strongly indicates that she didn't really want a speedy trial and wasn't prejudiced by not having one. *Shaw*, 117 S.W.3d at 890. Moreover, seeking dismissal instead of a speedy trial generally weakens a speedy

trial claim because it shows a desire to have no trial instead of a speedy one. *Cantu*, 253 S.W.3d at 283. If a defendant doesn't seek a speedy trial before seeking dismissal, she should provide cogent reasons for this failure. *Id*.

Here, about thirteen months passed between appellee's September 2017 indictment and her October 2018 initial trial setting. The record doesn't show any efforts by appellee to obtain a speedy trial during that time. Nor does it show any reason for her failure except her testimony that she didn't know she could ask for a trial. The trial court found that appellee agreed to numerous resettings of the pretrial announcements, and she moved to continue the initial trial setting. That continuance motion led to a further three-month delay.

We conclude that appellee's failure to seek a speedy trial during the thirteen months between her indictment and first trial setting means that the third factor weighs against her. *See Shaw*, 117 S.W.3d at 890. Given that there were three unsuccessful attempts to try the case in January, February, and April 2019, and the case was then reset for July, appellee's failure to actively seek a trial during that time period is excusable. But her June 2019 request for dismissal without ever having sought a speedy trial further weakens her speedy trial claim. *See Cantu*, 253 S.W.3d at 283.

Based on all these circumstances, we conclude that the third factor weighs against appellee.

**D. Appellee's weak prejudice showing weighs against her.**

The defendant has the burden of proving prejudice from the delay. *Id*. at 280. The defendant's burden of showing prejudice diminishes in proportion to the State's culpability for the delay. *Id*. at 281–81. Here, the State's culpability is slight, so appellee's burden to show prejudice is only slightly reduced.

The prejudice factor focuses on three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing the defendant's anxiety and concern, and (iii) limiting the possibility that the defense will be impaired. *Munoz*, 991 S.W.2d at 826. The last interest is the most serious. *Id*.

Appellee admitted she spent only one night in jail, so oppressive pretrial incarceration is not an issue here. Similarly, appellee adduced no evidence that the delay impaired her defense, which is the most serious subfactor.

As for anxiety, "evidence of generalized anxiety, though relevant, is not sufficient proof of prejudice under the *Barker* test, especially when it is no greater anxiety or concern beyond the level normally associated with a criminal charge or investigation." *Cantu*, 253 S.W.3d at 286 (footnote omitted).

Here, appellee said that she suffered from anxiety even before her arrest, had to adjust her medications after her arrest, and suffered some marital problems. But without substantiating details, we conclude that her conclusory testimony didn't show anxiety beyond that normally associated with being criminally prosecuted.

Additionally, appellee didn't distinguish any anxiety problems that were caused specifically by the delay from those caused by the case more generally.

Appellee also said that she had experienced financial hardship because her lawyer charged her additional money every time the case was called for trial. But again, she did not elaborate on this conclusory testimony, so it is not strong evidence of prejudice.

In sum, appellee's prejudice showing was weak, which weighs strongly against her speedy trial claim.

**E.     Conclusion**

Although the delay was long enough to trigger a speedy trial analysis and the reasons for the delay weigh slightly against the State, the other factors weigh against appellee. Nothing in the record shows that appellee wanted a speedy trial; she wanted only a dismissal. And she showed no "substantial personal or defense prejudice resulting from the State's delay." *Cantu*, 253 S.W.3d at 286. Accordingly, we conclude that the trial court erred by granting appellee's motion. *See Dragoo*, 96 S.W.3d at 316 (rejecting speedy trial claim where factors weighed similarly).

## IV. CONCLUSION

We sustain the State's issue, reverse the trial court's order granting appellee's motion to set aside indictment, and remand the case for further proceedings consistent with this opinion.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
190809F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| THE STATE OF TEXAS, Appellant | On Appeal from the County Court at Law No. 2, Kaufman County, Texas |
| No. 05-19-00809-CR     V. | Trial Court Cause No. 17-80129-CC2-F. |
| ANGELA MARIE MILLS, Appellee | Opinion delivered by Justice Whitehill. Justices Myers and Pedersen, III participating. |

Based on the Court's opinion of this date, the trial court's order granting appellee Angela Marie Mills's motion to set aside the indictment is **REVERSED** and the case is **REMANDED** for further proceedings consistent with the opinion.

Judgment entered this April 7, 2020