Clifford Ray **AUBREY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 6–87–010–CR.

Court of Appeals of Texas,
Texarkana.

March 22, 1988.

Gary L. Waite, Paris, for appellant.

Tom Wells, Dist. Atty. of Lamar County, Paris, for appellee.

CORNELIUS, Chief Justice.

Clifford Ray Aubrey appeals the revocation of his probation and imposition of sentence in a burglary conviction. His only contention on appeal is that the sentence should be reformed to show that it runs concurrently with his sentence in a previous conviction.

On October 21, 1985, Aubrey was convicted in Lamar County of burglary and sentenced to five years' confinement, probated. On October 27, 1986, the State filed a motion to revoke the probation because Aubrey had committed aggravated robbery and had violated other conditions of his probation. On January 6, 1987, Aubrey was convicted in Lamar County of aggravated robbery and sentenced to thirty-five years' confinement. On June 28, 1987, after Aubrey pleaded true to the allegations in the State's motion to revoke, the court revoked his probation in the burglary conviction. In orally announcing judgment the trial court stated:

> It is the sentence of the court that the defendant be confined for five years in the Texas Department of Corrections and that sentence shall commence when he has served his 35 year sentence in the other cause, which is 10260, State vs. Clifford Ray Aubrey in which the defendant was convicted of aggravated robbery.

Cause No. 10260 was the cause then being judged, not the previous conviction and thirty-five-year sentence, which was Cause No. 10719.

In the written judgment of revocation, the trial court provided that the sentence in the instant cause, No. 10260, would begin to run after the thirty-five-year sentence in Cause No. 10719 had been served. Aubrey contends that the written order of cumulation is void because it varies from the oral pronouncement, and the sentence in this cause should be reformed to show that the sentences will run concurrently. We disagree.

It is true that when the oral pronouncement does not mention cumulation, or when it states that the sentences will be concurrent, a cumulation order entered after the accused has begun serving the first sentence is void. *Ex parte Voelkel*, 517 S.W.2d 291 (Tex.Crim.App.1975); *Bullock v. State*, 705 S.W.2d 814 (Tex.App.—Dallas 1986, no pet.); *Henson v. State*, 638 S.W.2d 504 (Tex.App.—Houston [1st Dist.] 1981, no pet.). That is not the case here, however. The oral pronouncement in this case expressly made Aubrey's five-year sentence cumulative with his "35 year sentence in the other cause ... in which the defendant was convicted of aggravated

robbery." It simply attributed the wrong cause number to the former conviction. It was clear that the sentences for the two different convictions were being cumulated, so Aubrey was aware of that fact and had an opportunity to object or to present evidence in opposition to the cumulative portion of the sentence. The misstatement of the cause number could not have misled Aubrey because the oral pronouncement would have made no sense if it referred to the same case which was then being adjudicated. The written order correctly stated the cause numbers and was consistent with the clear intention of the court expressed in the oral announcement. Thus, this case is distinguishable from the cases of *Voelkel, Bullock* and *Henson. See United States v. Clark,* 741 F.2d 699 (5th Cir.1984); *Eikenhorst v. State,* 642 S.W.2d 208 (Tex.App. —Houston [14th Dist.] 1982, no pet.).

For the reasons stated, the judgment is affirmed.