COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
OLIVER ESHMAN LISTER,                         )                  No. 08-05-00028-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  204th District Court
)
THE STATE OF TEXAS,                                   )                  of Dallas County, Texas
)
                                    Appellee.                          )                  (TC# F-0401613-PQ)

O P I N I O N

            Oliver Eshman Lister appeals his conviction of felony escape. A jury assessed punishment
at twelve years’ confinement in the Institutional Division of the Texas Department of Criminal
Justice. No fine was imposed. We affirm the judgment of the trial court.
FACTUAL SUMMARY
            On June 17, 2004, Lister pled guilty to aggravated assault with a deadly weapon and Judge
Janice Warder sentenced him in accordance with the verdict. As Judge Warder remanded him to the
sheriff’s custody, Lister spun around the courtroom bailiff, threw himself over the railing, and ran
toward the courtroom doors. Judge Warder hit the emergency button beneath the bench and notified
the dispatcher that Lister was on the run and she needed additional officer support.
            As Lister ran through the courtroom, the two court bailiffs chased him. In the back of the
courtroom, Tracy Dotson tried to tackle Lister but was knocked out of the way. Lister then ran out
of the courtroom. Two deputies responded to the radio call for help and chased him down a stairwell.
Dotson and one of the bailiffs followed them into the stairwell. Lister was eventually subdued and
taken into custody.
TRIAL COURT’S COMMENTS
            In his first issue for review, Lister complains that two comments by Judge Warder during voir
dire constitute reversible error under Article 38.05. Tex.Code Crim.Proc.Ann. art. 38.05 (Vernon
1979). The State responds that he has failed to preserve this issue for our review. We agree. An
appellant must object during the trial in order to preserve error. Tex.R.App.P. 33.1; Blue v. State,
41 S.W.3d 129, 131 (Tex. 2000). Errors regarding Article 38.05 must also comply with the general
rule. Saldano v. State, 70 S.W.3d 873, 889 (Tex.Crim.App. 2002)(error regarding defendant’s
constitutional rights may be waived by failing to properly object in a timely manner); Blue, 41
S.W.3d at 134 (Article 38.05 errors may be waived by failure to timely object.). Because no
objection was made, we overrule Issue One.
LESSER-INCLUDED OFFENSE
            In his second issue, Lister argues the trial court erred in failing to charge the jury on a lesser-included offense. Lister was indicted for second-degree felony escape causing bodily injury. He
contends he was entitled to a charge on third-degree felony escape which did not require bodily
injury. In deciding whether a lesser-included offense should have been given, we apply a two
pronged test. First, the offense must be a lesser-included offense of the charged offense. Mathis v.
State, 67 S.W.3d 918, 925 (Tex.Crim.App. 2002). Second, we must evaluate the evidence to
determine whether a rational jury could find that if the defendant is guilty, he is guilty of only the
lesser offense. Id. The evidence must establish the lesser-included offense as a valid rational
alternative to the charged offense. Id.; Wesbrook v. State, 29 S.W.3d 103, 113-14 (Tex.Crim.App.
2000), cert. denied, 532 U.S. 944, 121 S.Ct. 1407, 149 L.Ed.2d 349 (2001). Whether an accused is
guilty of a lesser-included offense depends on evidence that affirmatively rebuts or negates an
element of the greater offense or if the evidence is subject to different interpretations. Hanks v.
State, 104 S.W.3d 695, 699 (Tex.App.--El Paso 2003), aff’d, 137 S.W.3d 668 (Tex.Crim.App.
2004); Saunders v. State, 840 S.W.2d 390, 391-92 (Tex.Crim.App. 1992). We do not consider the
credibility of the evidence and whether it conflicts with or is controverted by other evidence. Hanks,
104 S.W.3d at 699; Banda v. State, 890 S.W.2d 42, 60 (Tex.Crim.App. 1994), cert. denied, 515 U.S.
1105, 115 S.Ct. 2253, 132 L.Ed.2d 260 (1995). Regardless of its strength or weakness, if any
evidence raises the issue that the defendant was guilty of only the lesser offense, then the charge
must be given. Hanks, 104 S.W.3d at 699; Saunders, 840 S.W.2d at 391. 
            Here, Lister was charged with escape causing bodily injury. A conviction for escape while
under arrest for, charged with, or convicted of a felony offense constitutes a third-degree felony. 
Tex.Penal Code Ann. § 38.06(c)(Vernon 2003). The charge may be increased to a second-degree
felony if the defendant causes bodily injury in the process. Tex.Penal Code Ann. § 38.06(d). The
offense of escape without causing bodily injury is a lesser-included offense of the charged offense.
            We next address whether a rational jury could have found that Lister escaped without causing
bodily injury. Bodily injury is defined as physical pain, illness, or any impairment of physical
condition. Tex.Penal Code Ann. § 1.07 (8) (Vernon Supp. 2005). Tracy Dotson testified he
injured his knee when he tried to subdue Lister. When he entered the stairwell, Dotson saw Lister
on top of a deputy. Dotson jumped on top of Lister and as the men struggled, they slid down the
stairwell and Dotson hit his knee on the stairs. Dotson described his physical pain, telling the jury
that his knee hurt badly. The pain for lingered for some four to five weeks afterward. Dotson was
employed as an investigator for the District Attorney’s office. He did not lose any time from work
because of his injury, but he did file a report with his supervisor on the day of the incident noting his
knee injury. Lister argues that there was a fact question as to whether Dotson sustained a physical
injury because there was no physical evidence introduced at trial. We find no authority for his
suggestion that photographs, x-rays or medical testimony was necessary. Dotson’s testimony
established he suffered bodily injury while trying to apprehend Lister. Ham v. State, 855 S.W.2d
231, 233 (Tex.App.--Fort Worth 1993, no pet.) (victim’s testimony established that defendant
inflicted bodily injury on her). Moreover, Lister did not testify at the guilt-innocence phase, nor did
he present any witnesses in his defense. No evidence depicted a scenario less severe than than
indicted or charged; he was either guilty of second-degree felony escape or not guilty. Beck v. State,
647 S.W.2d 55, 58 (Tex.App.--El Paso 1983), rev’d on other grounds, 682 S.W.2d 550
(Tex.Crim.App. 1985).
            Lister also suggests that Dotson’s failure to report the injuries to the prosecutor until eighteen
days before trial was for the sole purpose of enhancing his punishment range. We find this argument
unpersuasive. Dotson reported the injury to his supervisor on the day it occurred. He testified he
did not know a felony escape charge could be enhanced by bodily injury until a month before trial. 
Based upon the evidence, we conclude no rational jury could find Lister guilty of only third-degree
felony escape. Issue No. Two is overruled. 
ERROR IN CAUSE NUMBER
            In issue three, Lister complains that the judgment bears a different cause number than the oral
pronouncement. The State asked the court to stack Lister’s sentence with his previous conviction. 
Upon sentencing, Judge Warder told Lister, “Your sentence is set to begin when the judgment and
sentence imposed in F04-00498 ceases to operate.” In the court’s written judgment the trial court
stated the following: 
Said judgement, [sic] sentence, and term of punishment in this cause shall commence
and run when the sentence in Cause No. F-0400493H, a previous conviction of the
defendant for the offense of AA/DW, in the CDC#1 Judicial District Court in Dallas
County, Texas has served and has ceased to operate. 

In its brief, the State explains that Lister did not have a conviction in cause number F04-00498. The
record establishes that the proper cause number was F-0400493H. 
            According to Lister, the judgment should be modified to reflect the oral pronouncement. In
support of his argument, he directs us to Ex parte Madding, 70 S.W.3d 131, 136-37 (Tex.Crim.App.
2002). There, the trial court orally pronounced the defendant’s sentence would run concurrently with
a prior sentence. Id. at 132-33. The judgment, however, ordered the sentences to run consecutively. 
Id. at 133. 
            Here, of course, both the oral pronouncement and the judgment provide for consecutive
sentences. The only error in making the oral pronouncement was the trial court’s misstatement of
the cause number for Lister’s prior conviction. A sentence is not void due to a trial court’s
misstatement of a cause number where the oral pronouncement and written judgment are the same. 
Aubrey v. State, 750 S.W.2d 6, 7-8 (Tex.App.--Texarkana 1988, pet. ref’d). The trial court’s
correction of the cause number in the written judgment was not error and does not warrant a
modification. Issue No. Three is overruled. Having overruled all issues on appeal we affirm the
judgment of the trial court.

March 23, 2006                                                           
                                                                                    ANN CRAWFORD McCLURE, Justice
Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)