

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00040-CR

———————————————

BENJAMIN ANDREW COLE, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 432nd District Court
Tarrant County, Texas
Trial Court No. 1583879D

Before Birdwell, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

## I.  Introduction

A jury found Appellant Benjamin Andrew Cole guilty of two counts of indecency with a child.  *See generally* Tex. Penal Code Ann. § 21.11.  The jury assessed Cole's punishment at four and one-half years' imprisonment for each count.  After hearing victim-allocution statements, the trial court granted the State's request to have the two terms of imprisonment run consecutively and sentenced Cole.  On appeal, Cole raises two issues arguing (1) that the trial court reversibly erred by pronouncing sentence after receiving victim-allocution statements and by allegedly modifying the sentences assessed by the jury and (2) that this court should reform the judgments to allow his sentences to run concurrently.  The State argues that Cole failed to preserve his argument regarding the timing of the pronouncement of his sentences; that it was within the trial court's purview, not the jury's, to order the sentences to run consecutively; and that Cole failed to preserve his argument regarding any alleged modification of his sentences.  Because we hold that Cole's arguments were not preserved for our review, we affirm the trial court's judgments.

## II.  Background

Cole was arrested and charged with three counts of indecency with a child.  At the conclusion of his trial, the jury found Cole guilty on the first two counts and acquitted him regarding the third.  During the punishment phase, the jury assessed punishment at four and one-half years' confinement for each count.  Prior to

2

sentencing, the following exchange—which is the sole basis for Cole's appeal—occurred:

[THE COURT]: It is my understanding at this time that the victims would like to use their right of allocution; is that correct?

[PROSECUTOR]: Yes, sir.

THE COURT: You may proceed. We are off the record.

(Allocution)

THE COURT: All right. We're back on the record.

The Defendant will stand with his lawyers.

Counsel, is there any legal reason why sentence should not be pronounced?

[DEFENSE COUNSEL]: No, Your Honor.

[PROSECUTOR]: Judge, before you sentence him, the State would request that the sentences be served consecutively.

THE COURT: All right. Do you have anything to say, Counsel?

[DEFENSE COUNSEL]: First we would ask that they run concurrently.

THE COURT: All right. That request is -- the request is granted. They will run consecutively.

[The trial court pronounced the sentence.]

THE COURT: All right. State, are there any other matters that need to be taken up before we proceed further?

[PROSECUTOR]: No, Your Honor.

THE COURT: Anything on behalf of the Defense?

3

[DEFENSE COUNSEL]:  No, Your Honor.

### III.  Analysis

In Cole's first issue, he argues that it was reversible error for the trial court—after hearing victim-allocution statements—to grant a motion for his sentences to run consecutively.  Specifically, Cole argues that the trial court violated Texas Code of Criminal Procedure Article 42.03, Section 1,[1] when it heard victim-allocution statements before pronouncing his sentence and that the trial court allegedly modified his sentence by ordering his sentences to run consecutively.  For us to consider Cole's complaints on their merits, we must first determine whether his complaints were preserved at trial.

A complaint regarding the admission of victim-allocution statements must be preserved at trial.  *See generally Mays v. State*, 318 S.W.3d 368, 392 (Tex. Crim. App. 2010); *Guevara v. State*, 97 S.W.3d 579, 583 (Tex. Crim. App. 2003).  Similarly, a complaint regarding the timing of the reading of victim-allocution statements must also be preserved at trial.  *See Rogers v. State*, No. 06-20-00126-CR, 2021 WL 1916477, at *1 (Tex. App.—Texarkana May 13, 2021, no pet.) (mem. op., not designated for publication); *McFadden v. State*, Nos. 10-13-00038-CR, 10-13-00039-CR, 2014 WL

---

[1]The relevant portion of Texas Code of Criminal Procedure Article 42.03, Section 1 provides that a court may allow victim-allocution testimony (1) after punishment has been assessed and the court has determined whether or not to grant community supervision in the case, (2) after the court has announced the terms and conditions of the sentence, and (3) after sentence is pronounced.  Tex. Code Crim. Proc. Ann. art. 42.03, § 1(b).

2566480, at *2 (Tex. App.—Waco June 5, 2014, pets. ref'd) (mem. op., not designated for publication).[2]  To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion sufficiently stating the specific grounds, if not apparent from the context, for the desired ruling.  Tex. R. App. P. 33.1(a)(1); *Montelongo v. State*, 623 S.W.3d 819, 822 (Tex. Crim. App. 2021).  Further, the party must obtain an express or implicit adverse trial-court ruling or object to the trial court's refusal to rule.  Tex. R. App. P. 33.1(a)(2); *Dixon v. State*, 595 S.W.3d 216, 223 (Tex. Crim. App. 2020).

With regard to Cole's argument directed at the timing of when the victim-allocution statements were read, Cole failed to raise any objection to the victim-allocution statements and thus failed to preserve this complaint for our review.  As set forth above, Cole did not object when the trial court mentioned proceeding to the victim-allocution statements; at that point, the trial court had not pronounced sentence, and Cole had the opportunity to object to the victim-allocution statements being heard before the pronouncement of his sentence.  Cole also failed to object immediately after the allocutions when the trial court inquired whether there was "any legal reason why sentence should not be pronounced."  Cole further failed to raise the

---

[2]Although *Rogers* and *McFadden* are unpublished opinions with no precedential value, Tex. R. App. P. 47.7(a), "we consider unpublished opinions with similar facts instructive and cite them in agreement with their guidance as to the application of settled law." *Thetford v. State*, 643 S.W.3d 441, 451 n.19 (Tex. App.—Fort Worth 2022, pet. ref'd) (citing *Cain v. State*, 621 S.W.3d 75, 81 n.8 (Tex. App.—Fort Worth 2021, pet. ref'd)).

issue after the pronouncement of his sentence when the trial court asked if there was "[a]nything [further] on behalf of the Defense?"

The case that Cole relies on, *Aldrich v. State*, is distinguishable on its facts. 296 S.W.3d 225, 258 (Tex. App.—Fort Worth 2009, pet. ref'd) (op. on reh'g). In that case, the State asked to have "some unidentified people read unsworn statements to the trial court" before the trial court sentenced the appellant, and defense counsel timely raised a specific objection to the timing of the victim-impact statements prior to the reading of the statements in open court, stating, "I could be wrong, but I thought that the sentence was supposed to be invoked, and then the statements." *Id.* No such objection was made here.

Instead, this case is similar to *Rogers*. In that case, the appellant argued that the trial court erred by admitting victim-impact testimony before sentencing. *Rogers*, 2021 WL 1916477, at *1. The appellant, however, did not object to the victim's statement but instead agreed to allow her statement to be read to the trial court. *Id.* The Texarkana Court of Appeals, citing *Mays*, held that the appellant had failed to preserve his complaint for review. *Id.*

Because Cole failed to raise any objection to the victim-allocution statements, despite multiple opportunities to do so, Cole failed to preserve his complaint at trial regarding his sentence being pronounced after the victim-allocution statements were read. *See id.*; *see also McFadden*, 2014 WL 2566480, at *1–2 (holding that appellant

failed to preserve similar issue when he abandoned his objection to having victim-impact statements read before punishment was pronounced in second case).[3]

Cole also argues within his first issue that the trial court committed harmful error by modifying the sentences assessed by the jury after the receipt of the victim-allocution testimony in violation of Article 42.03, Section 1(b). Cole, however, fails to show that any modification occurred or that he preserved this complaint.

In the case that Cole relies on, the following sequence of events occurred:

- The trial judge accepted the jury's punishment verdict and imposed the "standard" conditions of community supervision, including sex-offender registration;

- after the trial judge completed his oral pronouncement of the sentence and community supervision conditions, he permitted allocution statements;

- immediately thereafter, the trial judge imposed additional conditions of probation, including the requirement that the appellant sell his home and that he serve 180 days in the county jail; and

- the appellant objected and obtained an adverse ruling from the trial court.

*See Johnson v. State*, 286 S.W.3d 346, 347–48 (Tex. Crim. App. 2009). We are not presented with a similar sequence of events.

---

[3]In his reply brief, Cole contends that the error in allowing victim-allocution statements before pronouncing the sentence constituted a waivable-only right, but he cites no cases showing that it is not a forfeitable right. Moreover, we are unpersuaded by his attempt to distinguish *Mays*, *Guevara*, and *Rogers*.

Here, the trial court did not pronounce an initial sentence and then a second, different sentence after the victim-allocution statements. Instead, the trial court pronounced the sentence once, and it was the same sentence assessed by the jury in each case.[4] We have therefore not been presented with a record that shows any modification occurred.

Additionally, although the trial court ordered the sentences to run consecutively, the Code of Criminal Procedure places that decision solely within the trial court's discretion. *See* Tex. Code Crim. Proc. Ann. art. 42.08(a);[5] *Byrd v. State*, 499 S.W.3d 443, 446 (Tex. Crim. App. 2016) ("'Normally, the trial judge has absolute discretion to cumulate sentences,' so long as the law authorizes the imposition of

---

[4]Cole concedes in his brief that "there is nothing in the record to reflect whether the trial court was affected by [the allocution testimony]."

[5]The relevant portion of the governing statute on cumulative or concurrent sentences states that the cumulation is part of the judgment and that it is within the trial court's discretion to make a cumulation order:

> When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . [I]*n the discretion of the court*, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate[] or that the sentence imposed or suspended shall run concurrently with the other case or cases, and sentence and execution shall be accordingly[.]

Tex. Code Crim. Proc. Ann. art. 42.08(a) (emphasis added).

8

cumulative sentences.").[6] The jury therefore could not have decided to omit sentence cumulation from the assessed punishment because whether to cumulate the sentences was not for the jury to decide.

Moreover, Cole did not object after the trial court pronounced the sentences and ordered them to run consecutively. *See, e.g., Aubrey v. State*, 750 S.W.2d 6, 8 (Tex. App.—Texarkana 1988, pet. ref'd) ("It was clear that the sentences for the two different convictions were being cumulated, so [appellant] was aware of that fact and had an opportunity to object or to present evidence in opposition to the cumulative portion of the sentence."). Nor did he file a motion for new trial to raise this issue.

Cole has thus failed to preserve this argument for our review. *See Wells v. State*, Nos. 09-10-00236-CR, 09-10-00237-CR, 2010 WL 3724753, at *2 (Tex. App.—Beaumont Sept. 22, 2010, no pet.) (mem. op., not designated for publication) ("[A]fter the trial court pronounced sentence and ordered that [appellant's] sentence[s] . . . would run consecutively . . . , [appellant] did not object, nor did he file a motion for new trial. Therefore, [appellant] did not preserve this issue for review."); *cf. Davis v. State*, No. 05-19-00625-CR, 2020 WL 5015276, at *14 (Tex. App.—Dallas Aug. 25,

---

[6]Here, the law authorized the imposition of cumulative sentences, and Cole does not argue otherwise. Cole was convicted of two offenses of indecency with a child under Texas Penal Code Section 21.11; both offenses occurred on or about May 1, 2003; and both offenses involved the same victim. *See* Tex. Penal Code Ann. § 3.03(b)(1), (2)(A) (stating that if the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of an offense under an enumerated list of offenses, including one under Section 21.11); *see also id.* § 3.01 (defining "criminal episode").

2020, no pet.) (mem. op., not designated for publication) ("While appellant requested a concurrent sentence, he did not object when the trial court ordered a consecutive sentence. Nor did appellant raise this issue in his motion for new trial. As a result, appellant has not preserved this issue [challenging a cumulation order on Eighth Amendment grounds] for . . . review." (footnote omitted)).[7]

Accordingly, we overrule Cole's first issue.[8]

## IV. Conclusion

Having overruled Cole's first issue, which is dispositive of this appeal, we affirm the trial court's judgments.

/s/ Dabney Bassel

Dabney Bassel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: November 3, 2022

---

[7]To the extent that Cole raises the argument that the State's motion to cumulate the sentences was untimely, he also failed to raise any objection on that ground and thus did not preserve that argument for our review. *See* Tex. R. App. P. 33.1(a).

[8]Given our disposition of Cole's first issue, we need not address his second issue arguing that if the trial court committed error in pronouncing the sentence after victim-allocution statements were read, then we should modify the judgment to order the sentences to run concurrently. *See* Tex. R. App. P. 47.1.

10